UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN HOWARD, individually and
as personal representative of the estate
of William Howard;
HEIDI HAYE, individually,
SONYA SMITH, individually, and
WILLIAM HOWARD JR., individually.

Plaintiffs,

vs.                                                                                    Case No.: 6:17-cv-01473-PGB-GJK

RICHARD WILKINSON, individually;
RICHARD LEBLANC, individually;
RYAN WILSON, individually;
JAMES NELSON, individually;
JUAN PADILLA, individually;
PENELOPE GRAY, individually;
NANCY MENDOZA, individually;
RODNEY MARTIN, individually;
ANDREA DISTIN-CAMPBELL, individually; and
ORANGE COUNTY, FLORIDA

Defendants.

## MOTION TO DISQUALIFY MAGISTRATE JUDGE GREGORY J. KELLY

Comes now, Plaintiffs, by and through undersigned counsel and pursuant to 28 U.S.C. § 455, respectfully move to disqualify the honorable Gregory J. Kelly from presiding over disputes in the instant case as a magistrate judge. In support thereof, Plaintiffs state as follows:

1. Defendants Gray, Mendoza, Campbell, and Martin (the "Nurse Defendants") are represented in this case by Walter. A. Ketcham, Jr. Esquire and Brian Francis Moes, Esquire.

2. Mr. Ketcham is a named partner at Grower, Ketcham, Rutherford, Bronson, Eide, & Telan, P.A. ("Grower Ketcham"). Mr. Moes is also a partner at Grower Ketcham.

3. Judge Kelley's daughter has been employed as an associate attorney at Grower Ketcham since 2013. Grower Ketcham appears to be the only firm at which Ms. Kelley has been employed since becoming a member of the Florida Bar.

4. While Ms. Kelley is not named as an attorney acting on behalf of the Nurse Defendants, Grower Ketcham is a small firm consisting of sixteen attorneys. As such, there is a substantial chance that Ms. Kelley may, in the future, be required personally perform work on behalf of named parties in the case.

5. Furthermore, irrespective of Ms. Kelley's level involvement in the instant proceedings, it would be difficult of Judge Kelley to remain impartial in a dispute where one of the attorneys is the firm principal of his daughter's employer, particularly in a complex and significant civil rights dispute like the instant case involving the death of a pretrial detainee.

6. For these reasons, there is a substantial danger that Judge Kelley may have a personal bias or prejudice concerning the Nurse Defendants or the potential conflict creates a situation where Judge Kelly's impartiality might reasonably be questioned.

7. As such, 28 U.S.C. § 455 compels Judge Kelley's disqualification from the instant case.

8. Plaintiffs have timely sought relief in moving to disqualify Judge Kelley. Mr. Ketcham recently disclosed this potential conflict of interest to the undersigned. Judge Kelley has not yet presided over any dispute in this case, nor has he been assigned to preside over any dispute.

9. Pursuant to M.D. Fla. R. 3.01(g), the undersigned has conferred with Gail Bradford, Esquire who represents that Defendant Orange County has no objection to the relief sought herein and Walter Ketcham, counsel for the Nurse Defendants, who has represented that

they do not have any objection to the relief sought herein. Plaintiff has also sought the position of Derek J. Angell, Esquire, counsel for the correctional officer defendants, but has not yet been able to obtain it.

WHEREFORE, pursuant to 28 U.S.C. § 455, Plaintiffs respectfully move for Magistrate Judge Gregory J. Kelley be disqualified from presiding over any disputes in this case and that a different magistrate judge be assigned to this case.

## **MEMORANDUM OF LAW**

28 U.S.C § 455(a) provides: "any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of the judicial disqualification statute is to foster the appearance of impartiality. *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1111 (5th Cir. 1980). § 455(b) enumerates more specific grounds mandating disqualification, one of which being where the judge, his spouse, or a person within the third degree of relationship to either of them is "acting as a lawyer in the proceeding." 28 U.S.C. § 455(b)(5)(iii). An attorney must actually participate in the case for 28 U.S.C. § 455(b)(iii), standing on its own, to mandate recusal. *See Potashnick v. Port City Const. Co.*, 609 F.2d 1101, 1112–13 (5th Cir. 1980).

However, in conjunction with §455(a)'s broader proscription against presiding over cases in which a judge's impartiality might reasonably be questioned, a family member's employment with a law firm can require recusal. The Model Code of Judicial Conduct, Rule 2.11, comment 4 states:

> The fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not by itself disqualify the judge. If, however, the judge's impartiality might reasonably be questioned under paragraph (a) . . . the judge's disqualification is required.

3

*See also, SCA Services, Inc. v. Morgan*, 557 F.2d 110 (7th Cir. 1977) (requiring recusal under §455(a) where judge's brother was employed by firm representing party in the case and noting that even though brother did not actually participate in the case, disqualification was warranted under the "natural assumption that brothers enjoy a close personal and family relationship and, consequently, would be inclined to support each other's interests."); *but see United States ex rel Weinberger v. Equifax, Inc.*, 557 F.2d 456 (5th Cir. 1977) (finding where judge's son's status as an employee for a law firm in the case, automatic disqualification was not warranted, but these factors are considerations that might move the district judge to determine whether a reasonable person would conclude that a district judge should recuse himself.)

Here, disqualification is warranted for two related reasons. First, § 455(b)(5)(iii) would mandate disqualification if Ms. Kelley actually participated in the case. While she does not currently appear as counsel of record for the Nurse Defendants, it is unlikely that she will be totally isolated from the case given her position as an associate attorney and the relatively small size of the firm. This provision mandates recusal even when their participation in a case is minimal. *See McCuin v. Texas Power & Light Co.*, 714 F.2d 1255, 1258 (5th Cir. 1982) (requiring recusal where judge's brother in law participated in discovery proceedings, even though he was not counsel of record); *In re: Aetna Cas. and Sur. Co.*, 919 F2d 1136, 1147 (6th Cir. 1990) (J. Kennedy, Concurring) (finding that recusal was required where judge's daughter participated in depositions, even though her participation was minimal).

Second, assigning Judge Kelley to hear disputes in this case would, at minimum, create the appearance that his impartiality might reasonably be questioned, warranting exclusion under §455(a). "The use of the word 'might' in this section was intended to indicate that disqualification should follow if reasonable man, were he to know all the circumstances, would

harbor, doubts about the judge's impartiality." *Potashnick*, 609, F.3d at 1111. Even if Ms. Kelley does not actually participate as a lawyer in this case, a reasonable person might question Judge Kelley's ability to remain impartial in a proceeding where his daughter's boss and supervisors are litigants. Under these circumstances, it would be difficult for Judge Kelley—or any judge placed in his position—not to be inclined to support his daughter's interests.

For these reasons, Plaintiffs respectfully request that Judge Kelley be disqualified from hearing disputes between the parties and that a new magistrate judge be assigned to the case.

Respectfully submitted,

/s/ Jesse C.
Wm. J. Sheppard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Camille E. Sheppard, Esquire
Florida Bar No.: 124518
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:    (904) 356-9661
Facsimile:    (904) 356-9667
Email:        sheplaw@sheppardwhite.com
CO-COUNSEL FOR PLAINTIFFS

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing has been furnished to **Gail Bradford, Esquire,** Dean, Ringers, Morgan & Lawton, P.A., 201 East Pine St., St. 1200 Orlando, FL 32801; **Walter A. Ketcham, Jr., Esquire,** Grower, Ketcham, Eide, Telan & Meltz, P.A., 901 N. Lake Destiny

5

Road, Suite 450, P.O. Box 538065, Orlando, Florida 32853-8065; **Derek J. Angell, Esquire**, O'Connor & O'Connor Law, 840 South Denning Drive Suite 200, Winter Park, FL 32789, by electronic mail this 17th day of January, 2018.

_____
ATTORNEY

JBW/lr[howard.william.disqualify.gregory.motion]