UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN HOWARD, HEIDI HAYE,
SONYA SMITH and WILLIAM
HOWARD, JR.,

        Plaintiffs,

v.                                             Case No:   6:17-cv-1473-Orl-40GJK

RICHARD WILKINSON, RICHARD
LEBLANC, RYAN WILSON, JAMES
NELSON, JUAN PADILLA, PENELOPE
GRAY, NANCY MENDOZA, RODNEY
MARTIN, ANDREA DISTIN-
CAMPBELL and ORANGE COUNTY,
FLORIDA,

        Defendants.

_____

# ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED UNOPPOSED MOTION TO DISQUALIFY MAGISTRATE JUDGE GREGORY J. KELLY (Doc. No. 56)** |
| **FILED:** | **February 12, 2018** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    FACTUAL BACKGROUND

Before the Court is an unopposed motion to disqualify the undersigned (the "Motion").

Doc. No. 56. The Motion states that since 2013, the undersigned's daughter has been employed as

an associate at the Grower Ketcham law firm, and two partners of that law firm currently represent

Defendants Penelope Gray, Nancy Mendoza, Andrea Distin-Campbell, and Rodney Martin (the "Nurse Defendants"). *Id.* at 1. Plaintiffs argue that 28 U.S.C. § 455 compels the undersigned's disqualification for two reasons. First, the Motion states that while the undersigned's daughter is not named as an attorney acting on behalf of the Nurse Defendants, Grower Ketcham is a small firm of sixteen attorneys, and thus, there is a substantial "chance" that she may be required to perform work on this case. *Id.* at 2. Second, the Motion states that it would be difficult for the undersigned to remain impartial in a dispute where one of the attorneys of record is "the firm principal of his daughter's employer." *Id.*

## II.    APPLICABLE LAW

28 U.S.C. § 455(a) provides that any "justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might be reasonably questioned." The statute also provides that a judge shall disqualify himself when the judge, the judge's spouse, a person within the third degree of relationship to either of them, or the spouse to such a person is: 1) a party to the proceedings, or an officer, director, or trustee of a party; 2) acting as a lawyer in the proceeding; 3) known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or 4) to the judge's knowledge, likely to be a material witness in the case. 28 U.S.C. § 455(b)(5). A judge should be disqualified only if a reasonable person, apprised of all the facts and circumstances, would question the judge's impartiality. *Hunt v. Am. Bank and Trust Co. of Baton Rouge*, 783 F.2d 1011, 1015 (11th Cir. 1986). The Eleventh Circuit has held that "any doubts must be resolved in favor of recusal." *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (citations omitted). Nevertheless, "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Id.* (citations omitted).

In *United States ex rel. Weinberger v. Equifax, Inc.*, 557 F.2d 456, 463-64 (5th Cir. 1977), the Fifth Circuit addressed whether a United States District Judge should have recused himself because his son was an associate of the law firm representing the defendant.[1] *Id.* The Fifth Circuit found that Section 455 did not require recusal. *Id.* at 463. The Fifth Circuit stated:

> None of the provisions requiring recusal apply here. It is undisputed that the district judge's son did not actively participate in [the case]. That the son's law firm participated in the proceeding does not mean that he was "acting as a lawyer in the proceeding." That provision requires actual participation …. The "financial interest" provision might apply if the district judge's son were a partner in the firm. But his status as an associate removes that fear. His salary interest as an associate is too remote to fall under this "financial interest" prohibition.
>
> Although none of these matters require disqualification, they are considerations that might move the district judge to examine "whether his impartiality might reasonably be questioned." He should determine whether a reasonable man would conclude that the district judge should recuse himself. The district judge examined [the plaintiff's] assertions that recusal was appropriate but perceived no justification for removing himself. On appeal, we review the district judge's determination for abuse of discretion. We find no abuse here of the district judge's conclusion that his impartiality could not reasonably be questioned.

*Id.* at 463-64 (citations omitted). Thus, the Fifth Circuit found that the District Judge did not abuse his discretion by refusing to recuse himself because his son: 1) did not actively participate in the case, and thus, was not acting as a lawyer in the proceeding; and 2) had no interest that could be substantially affected by the outcome of the proceeding. *Id.* Other courts within this Circuit have followed the Fifth Circuit's reasoning in *Weinberger. In re Trafford Distrib. Ctr., Inc.*, 435 B.R. 745, 751 (Bank. S.D. Fla. 2010) (noting that a judge's fiancé worked at the law firm representing

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

the plaintiff, but denying recusal because the fiancé was not involved in the proceedings and was not an equity partner at the law firm); *Miller Indus., Inc. v. Caterpillar Tractor Co.*, 516 F. Supp. 84, 85-86 (S.D. Ala. 1980) (noting that a judge's father worked at the law firm representing the plaintiff, but finding no basis for recusal because the father did not participate in the litigation and was not an equity partner during the pendency of the same).

## III.   ANALYSIS

Though the Motion is unopposed, the undersigned will consider whether his impartiality might reasonably be questioned in this case. 28 U.S.C. § 455(a). First, Plaintiffs argue that because Grower Ketcham is a small firm, there is a substantial chance that the undersigned's daughter may be required to perform work on this case. Doc. No. 56 at 2. As noted above, the Fifth Circuit found no abuse of discretion in a judge's refusal to recuse himself because the judge's relative: 1) did not actively participate in the case; and 2) had no interest that could be substantially affected by the outcome of the proceeding. *Weinberger*, 557 F.2d at 463-64. Here, there are no allegations that the undersigned's daughter participated in this action. Thus, Plaintiffs' argument that there is a chance the undersigned's daughter may become involved in this case is rejected as conjecture and not warranting recusal under Section 455. *See id.* (noting that Section 455 requires actual participation); *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1113 (5th Cir. 1980).[2]

The Motion also states that a reasonable person might question the undersigned's ability to remain impartial given that a named principal of Grower Ketcham represents the Nurse Defendants. Doc. No. 56 at 2, 5. The undersigned finds persuasive the holding in *Weinberger* that

---

[2] The cases Plaintiffs cite in support of their argument are inapposite. Doc. No. 56 at 4. In both cases, recusal was necessary because the judge's relative participated in the case. *See McCuin v. Tex. Power & Light Co.*, 714 F.2d 1255, 1258 (5th Cir. 1982) (requiring recusal where the judge's brother in law participated in discovery proceedings); *In re Aetna Cas. & Sur Co.*, 919 F.2d 1136, 1147 (6th Cir. 1990) (finding recusal necessary where the judge's daughter participated in depositions).

a salary interest of an associate is too remote to trigger disqualification under the financial interest prohibition. *Weinberger*, 557 F.2d at 463-64. The size of the Grower Ketcham firm or the participation of one of its principals in this action does not present a reasonable basis to question the undersigned's impartiality. As the Eleventh Circuit stated, "recusal is not required merely because the movant can 'draw[ ] a line ... connecting a person within chambers to a person or firm related, no matter how remotely, to a party in the case.'" *In re Horne*, 630 Fed. Appx. 908, 911 (11th Cir. 2015) (quoting *Mathis v. Huff & Puff Trucking, Inc*., 787 F.3d 1297, 1312 (10th Cir. 2015)).[3] Thus, after considering the Motion, the undersigned finds that recusal is not warranted.

Considering the foregoing, the Motion (Doc. No. 56) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on February 13, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. 11th Cir. R. 36-2.