## JOINTLY PROPOSED JURY INSTRUCTIONS - EXHIBIT A

**Jointly Proposed Jury Instruction No. 1.**

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

1

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose

2

and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness

    is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

- any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Carolyn Howard, the wife of William Howard Sr., alleges that employees of the Orange County Jail used excessive force taking Mr. Howard out of a jail cell and then exhibited deliberate indifference to his serious medical needs after that use of force.  Mrs. Howard alleges this resulted in Mr. Howard's death.

The Defendants, Richard Wilkinson, Richard LeBlanc, Ryan Wilson, James Nelson, Juan

Padilla, Penelope Gray, Nancy Mendoza, Rodney Martin, Andrea Distin-Campbell, and Orange County, Florida, deny Mrs. Howard's claims. The Defendants assert that the correction officers used only that force necessary to move Mr. Howard to a least restrictive cell, as they were required to do. The Defendants further assert that, in caring for Mr. Howard, medical staff could not have been aware of Mr. Howard's injuries and properly assessed and cared for him. Finally, the Defendants assert that Orange County had thorough policies in place to prevent harm or injury to inmates.

<u>Burden of proof</u>:

Carolyn Howard has the burden of proving her case by what the law calls a "preponderance of the evidence." That means Carolyn Howard must prove that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Carolyn Howard and the evidence favoring the Defendants on opposite sides of balancing scales, Carolyn Howard needs to make the scales tip to her side for each claim she has brought against each Defendant. If Carolyn Howard fails to meet this burden as to each claim, you must find in favor of the Defendant.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," the Defendant asserting an affirmative defense has the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts the Defendant asserting an affirmative defense must prove for any

affirmative defense. After considering all the evidence, if you decide that the Defendant has successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

Conduct of the jury:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the

courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Carolyn Howard will present her witnesses and ask them questions. After Carolyn Howard questions the witness, each of the Defendants may ask the witness questions – this is called "cross-examining" the witness. Then each of the Defendants will present their witnesses, and Carolyn Howard may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

6

You'll then go to the jury room to deliberate.

Authority:     Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 1.1 General

Preliminary Instruction (modified).

.

**<u>Jointly Proposed Jury Instruction No. 2.</u>**

**1.4 Jury Questions**

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

First, you must submit all questions in writing. Please don't ask any questions aloud.

Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

8

Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 1.4 Jury Questions

**<u>Jointly Proposed Jury Instruction No. 3.</u>**

**2.1 Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a

stipulation. You must treat these facts as proved for this case.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 2.1 Stipulations

**Jointly Proposed Jury Instruction No. 4.**

**2.7 In-Trial Instructions on News Coverage**

Reports about this trial or about this incident may appear in the media. The reporters may not have heard all the testimony as you have, may be getting information from people who are not under oath and subject to cross examination, may emphasize an unimportant point, or may simply be wrong.

You must not read, listen to, or watch anything about this trial. It would violate your oath as a juror to decide this case on anything other than the evidence presented at trial and on your own common sense. You must decide this case exclusively on the evidence you receive here in court.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 2.7 In-Trial Instructions on News Coverage

**Jointly Proposed Jury Instruction No. 5.**

**3.1 Introduction**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN HOWARD, individually and
as personal representative of the estate
of William Howard,

      Plaintiff,

vs.                                    Case No. 6:17-cv-01473-PGB-GJK

RICHARD WILKINSON, individually;
RICHARD LEBLANC, individually;
RYAN WILSON, individually;
JAMES NELSON, individually;
JUAN PADILLA, individually;
PENELOPE GRAY, individually;
NANCY MENDOZA, individually;
RODNEY MARTIN, individually;
ANDREA DISTIN-CAMPBELL, individually; and
ORANGE COUNTY, FLORIDA

      Defendants.

_____/

COURT'S INSTRUCTIONS TO THE JURY

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.1 Introduction

12

**Jointly Proposed Jury Instruction No. 6.**

**3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the governmental agency.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.2.3 The Duty to Follow Instructions – Government Entity or Agency Involved

13

**Jointly Proposed Jury Instruction No. 7.**

**3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court**

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

Authority:   Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

**Jointly Proposed Jury Instruction No. 8.**

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.4 Credibility of Witnesses

**Jointly Proposed Jury Instruction No. 9.**

**3.5.1 Impeachment of Witnesses Because of Inconsistent Statements**

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

16

**Jointly Proposed Jury Instruction No. 10.**

**3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income**

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

When a witness is being paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such witness where court testimony is given with regularity and represents a significant portion of the witness's income.

Authority:     Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.6.2 Expert Witness – When Expert Fees Represent a Significant Portion of the Witness's Income

**Jointly Proposed Jury Instruction No. 11.**

**3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence**

In this case it is the responsibility of the Mrs. Howard to prove every essential part of her claims against each of the Defendants by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that each of Mrs. Howard's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Mrs. Howard.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of each of Mrs. Howard's claims by a preponderance of the evidence, you should find for the Defendant as to that claim.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

**Jointly Proposed Jury Instruction No. 12.**

**3.7.2 Responsibility for Proof – Affirmative Defense, Preponderance of the Evidence**

In this case, Orange County asserts the affirmative defense that the incident or incidents alleged by Mrs. Howard was or were caused by the negligence, carelessness, wrongful acts and/or misconduct of William Howard, or other third parties, and Mr. Howard or those parties, not the County, should be responsible. Even if the Mrs. Howard proves her claims by a preponderance of the evidence, Orange County can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove Mrs. Howard's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.7.2 Responsibility for Proof – Affirmative Defense, Preponderance of the Evidence (modified)

**Jointly Proposed Jury Instruction No. 13.**

**3.7.2 Responsibility for Proof – Affirmative Defense, Preponderance of the Evidence**

In this case, Defendants, Richard Wilkinson, Richard LeBlanc, Ryan Wilson, James Nelson, Juan Padilla, Penelope Gray, Nancy Mendoza, Rodney Martin, Andrea Distin-Campbell, each asserts the affirmative defense that they are entitled to Qualified Immunity, that Mr. Howard was not deprived of his Constitutional rights, and that if it is determined that Mr. Howard suffered a deprivation of his Constitutional rights, 's Constitutional rights were violated, the alleged deprivation(s) were not clearly established by binding precedent of the United States Supreme Court, Eleventh Circuit Court of Appeals, or the Florida Supreme Court as of the date of the alleged deprivation. Even if the Mrs. Howard proves her claims by a preponderance of the evidence, Orange County can prevail in this case if it proves an affirmative defense by a preponderance of the evidence.

When more than one affirmative defense is involved, you should consider each one separately.

I caution you that the Defendant does not have to disprove Mrs. Howard's claims, but if the Defendant raises an affirmative defense, the only way it can prevail on that specific defense is if it proves that defense by a preponderance of the evidence.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.7.2 Responsibility for Proof – Affirmative Defense, Preponderance of the Evidence (modified)

20

**<u>Jointly Proposed Jury Instruction No. 14.</u>**

**3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

**Jointly Proposed Jury Instruction No. 15.**

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 3.9 Election of Foreperson Explanation of Verdict Form[s]

**Jointly Proposed Jury Instruction No. 16.**

**5.4 Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth Amendment Claim – Private Person or Pretrial Detainee Alleging Excessive Force**

In this case, Carolyn Howard claims that Richard Wilkinson/Richard LeBlanc/Ryan Wilson, while acting under color of law, intentionally committed acts that violated William Howard's constitutional right to be free from the use of excessive or unreasonable force while being held in custody as a pretrial detainee.

Under the Fourteenth Amendment to the United States Constitution, every person has the right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee.

To succeed on this claim, Mrs. Howard must prove each of the following facts by a preponderance of the evidence:

First:        That Richard Wilkinson/Richard LeBlanc/Ryan Wilson intentionally committed acts that violated Carolyn Howard's constitutional right not to be subjected to excessive or unreasonable force while being held in custody as a pretrial detainee;

Second:        That Richard Wilkinson/Richard LeBlanc/Ryan Wilson's conduct caused William Howard's injuries; and

Third:        That Richard Wilkinson/Richard LeBlanc/Ryan Wilson acted under color of law. The parties have agreed that Richard Wilkinson/Richard LeBlanc/Ryan Wilson acted under color of law, so you should accept that as a proven fact.

For the first element, Mrs. Howard claims that Richard Wilkinson/Richard LeBlanc/Ryan Wilson used excessive force on William Howard while he was being held in custody as a pretrial detainee. But not every push or shove—even if it later seems unnecessary—is a constitutional

23

violation. Also, an officer always has the right to use the reasonable force that is necessary under the circumstances to maintain order and ensure compliance with jail or prison regulations. Whether a specific use of force is excessive or unreasonable depends on factors such as the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force used; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether William Howard was actively resisting.

You must decide whether the force Richard Wilkinson/Richard LeBlanc/Ryan Wilson used in this case was excessive or unreasonable based on the degree of force a reasonable officer would have applied to maintain order and safety under the same circumstances. Richard Wilkinson/Richard LeBlanc/Ryan Wilson's underlying intent or motivation is irrelevant.]

For the second element, Richard Wilkinson/Richard LeBlanc/Ryan Wilson's conduct caused William Howard's injuries if William Howard would not have been injured without Richard Wilkinson/Richard LeBlanc/Ryan Wilson's conduct, and the injuries were a reasonably foreseeable consequence of Richard Wilkinson/Richard LeBlanc/Ryan Wilson's conduct.

If you find Mrs. Howard has proved each fact that she must prove, you must decide the issue of damages. If you find that Mrs. Howard has not proved each of these facts, then you must find for Richard Wilkinson/Richard LeBlanc/Ryan Wilson.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.4 Civil Rights – 42 U.S.C. § 1983 Claims – Fourth or Fourteenth Amendment Claim – Private Person or Pretrial Detainee Alleging Excessive Force (modified)

**Jointly Proposed Jury Instruction No. 17.**

5.12 Civil Rights - 42 U.S.C. § 1983 Claims - Supervisor Liability

Carolyn Howard claims that Juan Padilla, who supervised Richard Wilkinson/Richard LeBlanc/Ryan Wilson, is liable in his supervisory capacity for violating William Howard's Fourteenth Amendment right to be free from excessive force. You should consider whether Juan Padilla is liable only if you find that Juan Padilla violated William Howard's Fourteenth Amendment right to be free from excessive force.

Juan Padilla is not liable simply because he supervised Richard Wilkinson/Richard LeBlanc/Ryan Wilson. Rather, Mrs. Howard must prove by a preponderance of the evidence that (1) Richard Wilkinson/Richard LeBlanc/Ryan Wilson violated William Howard's Fourteenth Amendment right and (2) one of the following circumstances was present at the time William Howard's constitutional rights were violated:

    (a)    Juan Padilla personally participated in the violation of William Howard's constitutional rights; or

    (b)    A history of widespread abuse, meaning abuse that was obvious, flagrant, rampant, and of continued duration, rather than isolated occurrences, put Juan Padilla on notice of the need to take corrective action and he failed to do so; or

    (c)    Juan Padilla intentionally implemented an "official policy or custom" that resulted in Richard Wilkinson/Richard LeBlanc/Ryan Wilson acting with deliberate indifference, meaning reckless disregard, to William Howard's Fourteenth Amendment right; or

    (d)    Juan Padilla directed Richard Wilkinson/Richard LeBlanc/Ryan Wilson to take the action that resulted in the violation of William Howard's Fourteenth

Amendment right; or

(e)     Juan Padilla knew that Richard Wilkinson/Richard LeBlanc/Ryan Wilson would take action[s] in violation of William Howard 's Fourteenth Amendment right and failed to stop Richard Wilkinson/Richard LeBlanc/Ryan Wilson from doing so.

An "official policy or custom" means:

(a)     A policy statement or decision that is made by Juan Padilla; or

(b)     A practice or course of conduct that is so widespread that it has acquired the force of law, even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that Juan Padilla either knew about it, or should have known about it.

Authority:     Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.12 Civil Rights—42 U.S.C. § 1983 Claims—Supervisor Liability

**Jointly Proposed Jury Instruction No. 18.**

**5.7 Civil Rights – 42 U.S.C. § 1983 Claims – Arrestee, Pretrial Detainee, or Convicted Prisoner Alleging Failure to Intervene**

In this case, Carolyn Howard claims that James Nelson while acting under color of law, failed to intervene when Richard Wilkinson/Richard LeBlanc/Ryan Wilson used excessive force against Carolyn Howard in violation of the United States Constitution.

An officer who fails or refuses to intervene when a constitutional violation such as excessive force takes place in his presence may be held liable for his failure to intervene.

To succeed on this claim, Mrs. Howard must prove each of the following facts by a preponderance of the evidence:

First:    That Richard Wilkinson/Richard LeBlanc/Ryan Wilson used excessive force on Carolyn Howard;

Second:    That James Nelson knew Richard Wilkinson/Richard LeBlanc/Ryan Wilson was going to use excessive force;

Third:    That James Nelson had a realistic opportunity to prevent harm from occurring;

Fourth:    That James Nelson failed to take reasonable steps to prevent harm from occurring;

Fifth:    That James Nelson's failure to act caused Carolyn Howard's injuries and the injuries were a reasonably foreseeable consequence of James Nelson's failure to act; and

Sixth:    That James Nelson acted under color of law. The parties have agreed that James Nelson acted under color of law, so you should accept that as a proven fact.]

If you find Carolyn Howard has proved each of the facts she must prove, you must then

27

decide the issue of Mrs. Howard's damages. If you find that Mrs. Howard has not proved each of these facts, then you must find for James Nelson.

Authority:      Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.7 Civil Rights – 42 U.S.C. § 1983 Claims – Arrestee, Pretrial Detainee, or Convicted Prisoner Alleging Failure to Intervene

**Jointly Proposed Jury Instruction No. 19.**

**5.8 Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment Claim – Convicted Prisoner or Pretrial Detainee Alleging Deliberate Indifference to Serious Medical Need**

In this case, Carolyn Howard claims that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell, while acting under color of law, was deliberately indifferent to William Howard's serious medical need and caused injury to him in violation of his Fourteenth Amendment rights.

The United States Constitution provides that anyone who is imprisoned is entitled to necessary medical care, and a corrections medical staffer violates that right by being deliberately indifferent to a pretrial detainee's known serious medical need.

To succeed on this claim, Carolyn Howard must prove each of the following facts by a preponderance of the evidence:

First: That William Howard had a serious medical need;

Second: That Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell knew that William Howard had a serious medical need that posed a risk of serious harm;

Third: That Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell failed to provide necessary medical care for William Howard's serious medical need in deliberate indifference to the risk of serious harm;

Fourth: That Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct caused William Howard's injuries; and

Fifth: That Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-

Campbell acted under color of law. The parties have agreed that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acted under color of law, so you should accept that as a proven fact.

For the first element, Mrs. Howard must prove that William Howard had a serious medical need.  A "serious medical need" is a medical condition that a physician has diagnosed as requiring treatment or a medical condition that is so obvious that even a lay person would easily recognize the need for medical care. In either case, the medical condition must have posed a substantial risk of serious harm to William Howard if left unattended.

For the second element, you must determine whether Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell actually knew William Howard had a serious medical need and required immediate attention. Put another way, it is not enough to show that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell was careless or neglected [his/her] job duties and should have known about William Howard's need. And it is not enough to show that a reasonable person would have known of the serious medical need. However, you may find from circumstantial evidence that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell knew about the risk of serious harm. Further, if the risk of serious harm was obvious, you may, based on that, find that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell knew about that risk.

For the third element, to decide whether Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell was deliberately indifferent to William Howard's serious medical need, you may consider all the relevant circumstances including the seriousness of William Howard's injury, the length of any delay in providing William Howard medical care, and the reasons for any delay. But the law does not require that William Howard receive the

30

most advanced medical response to his serious medical need.

For the fourth element, you must determine whether Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct caused William Howard's injuries. Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct caused William Howard's injuries if William Howard would not have been injured without Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct or if William Howard's injuries were worsened by Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct, and the injuries were a reasonably foreseeable consequence of Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's conduct.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.8 Civil Rights – 42 U.S.C. § 1983 Claims – Eighth or Fourteenth Amendment Claim – Convicted Prisoner or Pretrial Detainee Alleging Deliberate Indifference to Serious Medical Need

**Jointly Proposed Jury Instruction No. 20.**

**5.10 Civil Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability (Incorporate into Instructions for Claims against Individual Defendants)**

Carolyn Howard claims that Orange County, Florida, which employed Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell is liable for violating William Howard's constitutional rights. You should consider whether Orange County is liable only if you find that Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell violated William Howard's constitutional rights.

Orange County is not liable for violating William Howard's constitutional rights simply because it employed Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell. Rather, Orange County is liable if Mrs. Howard proves that an official policy or custom of Orange County directly caused William Howard's injuries. Put another way, Orange County is liable if its official policy or custom was the moving force behind William Howard's injuries.

An "official policy or custom" means:

(a)    A rule or regulation created, adopted, or ratified by Orange County, Florida; or

(b)    A policy statement or decision made by Orange County, Florida's policy-maker; or

(c)    A practice or course of conduct that is so widespread that it has acquired the force of law—even if the practice has not been formally approved.

You may find that an "official policy or custom" existed if there was a practice that was so persistent, widespread, or repetitious that the Orange County's policy-maker either knew of it or should have known of it.

32

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.10 Civil

Rights – 42 U.S.C. § 1983 Claims – Government Entity Liability (modified)

**Jointly Proposed Jury Instruction No. 21.**

**401.4  Negligence**

Negligence is the failure to use reasonable care, which is the care that a reasonably careful person would use under like circumstances. Negligence is doing something that a reasonably careful person would not do under like circumstances or failing to do something that a reasonably careful person would do under like circumstances.

Authority:  Florida Standard Instructions In Civil Cases, 401.4  Negligence

**Jointly Proposed Jury Instruction No. 22.**

**401.12  Legal Cause**

*a.     Legal cause generally:*

Negligence is a legal cause of injury or damage if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury or damage, so that it can reasonably be said that, but for the negligence, the injury or damage would not have occurred**.**

Authority:  Florida Standard Instructions In Civil Cases, 401.12  Legal Cause

**Jointly Proposed Jury Instruction No. 23.**

401.21  Burden Of Proof On Main Claim

If the greater weight of the evidence does not support one or more of Mrs. Howard's claims against Orange County, Florida, your verdict should be for Orange County on those claims.

However, if the greater weight of the evidence supports one or more of Mrs. Howard's claims against Orange County, then your verdict should be for Mrs. Howard and against Orange County on those claims.

Authority:  Florida Standard Instructions in Civil Cases, 401.21 Burden Of Proof On Main Claim

**<u>Jointly Proposed Jury Instruction No. 24.</u>**

401.22  Defense Issues

If, however, the greater weight of the evidence supports one or more of Mrs. Howard's claims, then you shall consider the defenses raised by Orange County, Florida.

Orange County asserts the affirmative defense that the incident or incidents alleged by Mrs. Howard was or were caused by the negligence, carelessness, wrongful acts and/or misconduct of William Howard, or other third parties, and Mr. Howard or those parties, not the County, should be responsible.

The issue[s] for you to decide is whether William Howard was himself negligent and, if so, whether that negligence was a contributing legal cause of injury or damage to him.

Authority:  Florida Standard Instructions in Civil Cases, 401.22  Defense Issues (modified)

**<u>Jointly Proposed Jury Instruction No. 25.</u>**

401.3  Greater Weight Of The Evidence

"Greater weight of the evidence" means the more persuasive and convincing force and

effect of the entire evidence in the case.

Authority:  Florida Standard Instructions in Civil Cases, 401.3  Greater Weight Of The Evidence

**Jointly Proposed Jury Instruction No. 26.**

If your verdict is for Defendants, Richard Wilkinson, Richard LeBlanc, Ryan Wilson, James Nelson, Juan Padilla, Penelope Gray, Nancy Mendoza, Rodney Martin, Andrea Distin-Campbell, or Orange County, Florida**,** you will not consider the matter of damages. But if the greater weight of the evidence supports Carolyn Howard's claim, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows the estate of William Howard sustained as a result of his injury and death, including any damages that the estate and the survivors are reasonably certain to incur or experience in the future.

Authority:  Florida Standard Instructions in Civil Cases,  502.1(b)  Wrongful Death Damages

**Jointly Proposed Jury Instruction No. 27.**

502.2 Wrongful Death Damages: Elements For Estate And Survivors

In determining the damages recoverable on behalf of William Howard's estate, you shall consider the following elements:

a.      *Lost earnings:*

The estate's loss of earnings of William Howard from the date of injury to the date of death.

b.      *Lost accumulations:*

The estate's loss of net accumulations: "Net accumulations" is the part of William Howard's net income after taxes, including pension benefits but excluding income from investments continuing beyond death, which William Howard, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.

c.      *Medical or funeral expenses:*

Medical or funeral expenses due to William Howard's injury or death which have become a charge against William Howard's estate.


In determining any damages to be awarded William Howard's personal representative for the benefit of William Howard's surviving spouse, you shall consider certain additional elements of damage for which there is no exact standard for fixing the compensation to be awarded. Any such award should be fair and just in the light of the evidence regarding the following elements:

d.      *Damages for surviving spouse:*

Carolyn Howard's loss of William Howard's companionship and protection, and her

40

mental pain and suffering as a result of William Howard's injury and death from the date of injury. In determining the duration of the losses, you may consider the join life expectancy of William Howard and Carolyn Howard together with the other evidence in this case.

e.      *Lost support and services:*

Carolyn Howard's loss by reason of William Howard's injury and death, of William Howard's support and services. In determining the duration of any future loss, you may consider the joint life expectancy of Carolyn Howard and William Howard.

In evaluating past and future loss of support and services, you shall consider the Carolyn Howard's relationship to William Howard, the amount of William Howard's probable net income available for distribution to the survivor and the replacement value of William Howard's services to Carolyn Howard. "Support" includes contributions in kind as well as sums of money. "Services" means tasks regularly performed by William Howard for Carolyn Howard that will be a necessary expense to the survivor because of William Howard's death.

f.      *Medical and funeral expenses paid by survivor:*

Medical or funeral expenses due to William Howard's injury or death paid by any survivor.

Authority:   Florida Standard Instructions In Civil Cases, 502.2 Wrongful Death Damages: Elements For Estate And Survivors (modified)

**Jointly Proposed Jury Instruction No. 28.**

502.6 Mortality Tables

*a.* *Personal representative claiming damages for benefit of decedent's estate:*

In determining how long William Howard would have lived, had he lived out his normal life, you may consider his life expectancy at the time of his death. The mortality tables received in evidence may be considered in determining how long he may have been expected to live. Mortality tables are not binding on you but may be considered together with other evidence in the case bearing on his health, age and physical condition, before his injury and death, in determining the probable length of his life.

Authority: Florida Standard Instructions In Civil Cases, 502.6 Mortality Tables