## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTION – EXHIBIT B</u>

Plaintiff, Carolyn Howard, pursuant to this Court's Case Management and Scheduling Order (Doc. 52) and Amended Case Management and Scheduling Order (Doc. 71), submits this jury instruction.

For the reasons discussed in section III of Plaintiff's Omnibus Motion in Limine (Doc. 110), the parties dispute whether hedonic damages are compensable in §1983 cases where constitution violations cause Plaintiffs' death. If Plaintiff's motion is granted, she submits this jury instruction—specifically the category of damages in item (g)—on the issue of damages. Even if the motion is denied, the Defendant's proposed jury instruction does not include the full measure of damages to which Carolyn Howard would be entitled even under Florida's Wrongful Death Act. *See* Fla. Stat. 768.21(2) (2018). Thus, even if the motion in limine is denied, Plaintiff requests that items (f) and (g) be included in the instructions for Plaintiff's damages.[1]

**5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of William Howard's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize any Defendant. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Mrs. Howard does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly

---

[1] Defendants object to this Instruction. William Howard's post injury mental pain and suffering and any related claim for post death loss of enjoyment of William Howard's life are not recoverable under Fla. Stat. § 768.21 and such damages are not available under § 1983 where the constitutional injury resulted in death. See, *Sharbaugh v. Beaudry,* 2017 U.S. Dist. LEXIS 109743; *Degraw v. Gualtieri et al*, 2012 U.S. Dist LEXIS 79518; *Breedlove v. Orange County Sheriff's Office,* 2012 U.S. Dist. LEXIS 56257.

compensate William Howard for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mrs. Howard has proved them by a preponderance of the evidence, and no others:

(a)    The reasonable value of medical care and supplies that William Howard reasonably needed and actually obtained;

(b)    Wages, salary, profits, and the reasonable value of working time that William Howard lost because of inability or diminished ability to work, and the present value of such compensation that Carolyn Howard is reasonably certain to lose in the future because of William Howard's inability or diminished ability to work;

(d)    William Howard's mental and emotional distress, impairment of reputation, and personal humiliation;

(e)    Carolyn Howard's loss of William Howard's companionship and protection.

(f)    Carolyn Howard's mental pain and suffering.

(g)    William Howard's damages for the loss of enjoyment or value of his life.

Nominal Damages: You may award $1.00 in nominal damages and no compensatory damages if you find that: (a) Carolyn Howard has submitted no credible evidence of injury; or (b) William Howard's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla used both justifiable and unjustifiable force against William Howard and it is entirely unclear whether William Howard's injuries resulted from the use of justifiable or unjustifiable force.

Mitigation of Damages: Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that any of the Defendants has proved by a preponderance of the evidence that William Howard or Carolyn Howard did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of damages by the amount that he or she could have reasonably received if he or she had taken advantage of such an opportunity.

Punitive Damages: If you find for Carolyn Howard and find that Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acted with malice or reckless indifference to William Howard's federally protected rights, the law allows you, in your discretion, to award Carolyn Howard punitive damages as a punishment for Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell and as a deterrent to others.

Carolyn Howard must prove by a preponderance of the evidence that she is entitled to punitive damages.

Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acts with malice if [his/her] conduct is motivated by evil intent or motive. Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acts with reckless indifference to the protected federal rights of William Howard when Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan

Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell engages in conduct with a callous disregard for whether the conduct violates William Howard's protected federal rights.

If you find that punitive damages should be assessed, you may consider the evidence regarding Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's financial resources in fixing the amount of punitive damages to be awarded. You may also assess punitive damages against one or more of the individual Defendants, and not others, or against one or more of the individual Defendants in different amounts.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages; Fla. Stat. 768.21(2) (2018); "Hedonic Damages" Bryan A. Garner, Garner's Dictionary of Legal Usage 405 (3rd Ed. 2011).

/s/ Jesse Wilkison
Wm. J. Sheppard, Esquire
Florida Bar No.:  109154
Matthew R. Kachergus, Esquire
Florida Bar No.:  503282
Bryan E. DeMaggio, Esquire
Florida Bar No.:  055712
Jesse B. Wilkison, Esquire
Florida Bar No.:  118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone:  (904) 356-9661
Facsimile:  (904) 356-9667
Email:    sheplaw@att.net
CO-COUNSEL FOR PLAINTIFF