<u>**DEFENDANTS' REQUESTED JURY INSTRUCTION – EXHIBIT C**</u>

<u>**Defendant's Proposed Jury Instruction No. 1.**</u>

**5.13 Civil Rights – 42 U.S.C. § 1983 Claims – Damages**

You should assess the monetary amount that a preponderance of the evidence justifies as full and reasonable compensation for all of William Howard's damages—no more, no less. You must not impose or increase these compensatory damages to punish or penalize any Defendant. And you must not base these compensatory damages on speculation or guesswork. But compensatory damages are not restricted to actual loss of money—they also cover the physical aspects of the injury. Mrs. Howard does not have to introduce evidence of a monetary value for intangible things like physical pain. You must determine what amount will fairly compensate William Howard for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

You should consider the following elements of damage, to the extent you find that Mrs. Howard has proved them by a preponderance of the evidence, and no others:

a.   *Lost earnings:*

The estate's loss of earnings of William Howard from the date of injury to the date of death.

b.   *Lost accumulations:*

The estate's loss of net accumulations: "Net accumulations" is the part of William Howard's net income after taxes, including pension benefits but excluding income from investments continuing beyond death, which William Howard, after paying his personal expenses and monies for the support of his survivors, would have left as part of his estate if he had lived his normal life expectancy.

1

c.    *Medical or funeral expenses:*

Medical or funeral expenses due to William Howard's injury or death which have become a

charge against William Howard's estate.

In determining any damages to be awarded William Howard's personal representative for

the benefit of William Howard's surviving spouse, you shall consider certain additional

elements of damage for which there is no exact standard for fixing the compensation to be

awarded. Any such award should be fair and just in the light of the evidence regarding the

following elements:

d.    *Damages for surviving spouse:*

Carolyn Howard's loss of William Howard's companionship and protection, and her

mental pain and suffering as a result of William Howard's injury and death from the date of

injury. In determining the duration of the losses, you may consider the join life expectancy of

William Howard and Carolyn Howard together with the other evidence in this case.

e.    *Lost support and services:*

Carolyn Howard's loss by reason of William Howard's injury and death, of William

Howard's support and services. In determining the duration of any future loss, you may

consider the joint life expectancy of Carolyn Howard and William Howard.

In evaluating past and future loss of support and services, you shall consider Carolyn

Howard's relationship to William Howard, the amount of William Howard's probable net

income available for distribution to the survivor and the replacement value of William

Howard's services to Carolyn Howard. "Support" includes contributions in kind as well as

sums of money. "Services" means tasks regularly performed by William Howard for Carolyn

Howard that will be a necessary expense to the survivor because of William Howard's death.

f.    *Medical and funeral expenses paid by survivor:*

Medical or funeral expenses due to William Howard's injury or death paid by any survivor.

Nominal Damages: You may award $1.00 in nominal damages and no compensatory damages against the Defendants if you find that: (a) Carolyn Howard has submitted no credible evidence of injury; or (b) William Howard's injuries have no monetary value or are not quantifiable with any reasonable certainty; or (c) Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla used both justifiable and unjustifiable force against William Howard and it is entirely unclear whether William Howard's injuries resulted from the use of justifiable or unjustifiable force.

Mitigation of Damages: Anyone who claims loss or damages as a result of an alleged wrongful act by another has a duty under the law to "mitigate" those damages—to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage. So, if you find that any of the Defendants has proved by a preponderance of the evidence that William Howard or Carolyn Howard did not seek out or take advantage of a reasonable opportunity to reduce or minimize the loss or damage under all the circumstances, you should reduce the amount of damages by the amount that he or she could have reasonably received if he or she had taken advantage of such an opportunity.

Punitive Damages: If you find for Carolyn Howard and find that Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acted with malice or reckless indifference to William Howard's federally protected rights, the law allows you, in your discretion, to award

3

Carolyn Howard punitive damages as a punishment for Richard Wilkinson/Richard
LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney
Martin/Andrea Distin-Campbell and as a deterrent to others.

Carolyn Howard must prove by a preponderance of the evidence that she is entitled to
punitive damages.

Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan Padilla/Penelope
Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell acts with malice if [his/her]
conduct is motivated by evil intent or motive. Richard Wilkinson/Richard LeBlanc/Ryan
Wilson/James Nelson/Juan Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea
Distin-Campbell acts with reckless indifference to the protected federal rights of William
Howard when Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan
Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell engages in
conduct with a callous disregard for whether the conduct violates William Howard's protected
federal rights.

If you find that punitive damages should be assessed, you may consider the evidence
regarding Richard Wilkinson/Richard LeBlanc/Ryan Wilson/James Nelson/Juan
Padilla/Penelope Gray/Nancy Mendoza/Rodney Martin/Andrea Distin-Campbell's financial
resources in fixing the amount of punitive damages to be awarded. You may also assess
punitive damages against one or more of the individual Defendants, and not others, or against
one or more of the individual Defendants in different amounts.

Authority:    Eleventh Circuit Pattern Jury Instructions for Civil Cases (2019), 5.13 Civil
Rights – 42 U.S.C. § 1983 Claims – Damages; Florida Standard Instructions In Civil Cases,
502.2 Wrongful Death Damages: Elements For Estate And Survivors