UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN HOWARD, individually and          CASE NO. 6:17-cv-1473-ORL-18-GJK
as personal representative of the estate
of WILLIAM HOWARD;

      Plaintiff,

vs.

RICHARD WILKINSON, individually;
RICHARD LEBLANC, individually;
RYAN WILSON, individually;
JAMES NELSON, individually;
JUAN PADILLA, individually;
PENELOPE GRAY, individually;
NANCY MENDOZA, individually;
RODNEY MARTIN, individually;
ANDREA DISTIN-CAMPBELL, individually;
and ORANGE COUNTY, FLORIDA.

      Defendants.

_____/

**DEFENDANT, ORANGE COUNTY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S OMNIBUS MOTION IN LIMINE**

Defendant, ORANGE COUNTY, by and through its undersigned attorneys, hereby files

this Response in Opposition to Plaintiff's Omnibus Motion in Limine filed April 26, 2019 (Doc.

110), as follows:

**I.    Introduction.**

This is a civil action seeking damages as a result of alleged negligence and violations of

Civil Rights. In the Complaint, Plaintiff claims that Defendants were negligent and violated Civil

Rights related to the detention of William Howard at the Orange County Jail from November 16,

2016, through November 19, 2016, and Mr. Howard's death on November 20, 2016. (Doc. 1).

1

In anticipation of trial, Plaintiff has moved this Court for an Order in limine to exclude a volume of evidence. Plaintiff's Motion addresses a variety of subjects and evidentiary prescripts. Several of the matters raised in Plaintiff's Motion are generally of an "abide by the rules" nature, and need not be fully addressed herein. Specifically, Plaintiff seeks an Order precluding Defendants from introducing the following evidence: (i) testimony of Orange County's Deputies, their arrest report, and body-cam footage showing the events leading up to Howard's arrest; (ii) Plaintiff's medical records reflecting treatment of her injuries from the events leadings to Howard's arrest; (iii) any testimony, inference, or argument of benevolent gestures or expression of being remorseful for Howard's death; (iv) any testimony, inference, or argument regarding the verdict paid by tax dollars; (v) any testimony, inference, or argument regarding Defendant's financial resources and personal obligations to pay the judgment; (vi) and, finally, to permit Plaintiff to seek hedonic damages. For the reasons expressed herein, Plaintiff's Motion is without merit and should be denied.

## II.      Burden for Motions in Limine

It is well-settled that a party seeking to exclude evidence in limine "has the burden of demonstrating that the evidence is *inadmissible on any relevant ground*." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (emphasis added). "If evidence is not *clearly inadmissible for any purpose*, courts will deny or defer ruling on the motion in limine and decide issues of foundation, relevance, and prejudice in context at trial." *Barfield v. CSX Transp., Inc.*, No. 3:14-CV-1031-J-PDB, 2017 WL 662012, at *3 (M.D. Fla. Feb. 17, 2017) (emphasis added).

Courts generally disfavor motions in limine. *Acevedo v. NCL (Bahamas) Ltd.*, 317 F. Supp. 3d 1188, 1192 (S.D. Fla. 2017). Nonetheless, the trial court is vested with broad discretion

in ruling upon the relevancy and admissibility of evidence. *United States v. Kelly*, 888 F.2d 732, 743 (11th Cir. 1989). "Such discretion does not, however, extend to the exclusion of crucial relevant evidence necessary to establish a valid defense." *Id.*

### III. The arrest report, body-cam footage, and testimony of the arresting deputies are crucial, relevant evidence necessary for a defense.

Plaintiff seeks to preclude the arrest report, body-cam footage, and testimony of the arresting deputies on the basis that such evidence is inadmissible, cumulative, and unfairly prejudicial. To the contrary, such evidence is crucial, relevant, and necessary for Defendants to establish a valid defense and for the Jury to fully evaluate Mrs. Howard's damages.

### a. The evidence of Howard's arrest is probative and is not substantially outweighed by the danger of unfair prejudice.

Plaintiff's Motion mischaracterizes Howard's arrest as a prior bad act in attempt to exclude evidence regarding the arrest. In the Motion, Plaintiff conclusively argues Howard's arrest is inadmissible evidence under Rule 404(a) and fails to provide any supporting evidence or authority.

The extent to which other crime, wrong, or act is proffered as extrinsic evidence is determined based on proximity in time and similarity. *United States v. Gomez*, 763 F.3d 845, 855 (7th Cir. 2014). Here, the circumstances which led to Howard's arrest are vastly different from the jail incident. The two incidents are separate and distinct from each other. Both incidents involve entirely different facts, players, settings, and circumstances. For instance, one incident is against his wife and occurs at their home, and the other takes place in a jail cell against the officers.

It is clear Plaintiff is merely attempting to categorize this relevant evidence as a prior bad act in order to make it inadmissible and limit Defendants' defense. Plaintiff's request to exclude

3

this relevant evidence is highly inappropriate and an effort to blindfold the Jury. Defendant intends to proffer this evidence to assist the trier of fact in understanding the reason Mr. Howard was incarcerated and the details surrounding both his arrest and events leading to his death. It is important for the Jury to know and understand that Mr. Howard was incarcerated for a serious felony. Mr. Howard's attempt to murder his wife plays a significant factor in the officers' interactions with Howard as an inmate and the concern for public safety.

The violent domestic dispute will further assist the jury in determining the scope of Plaintiff's emotional distress and damages. It is imperative the Jury hears that Plaintiff was a victim of domestic violence, and takes this information into consideration when determining the scope of her damages for loss of companionship and protection, mental pain and suffering, and medical expenses. Indeed, Mrs. Howard testified at deposition that she would be concerned to be in the same house as Mr. Howard given the events leading to his address and would want him to be taken care of somewhere else.  (*See* excerpts from Deposition of Carolyn Howard taken April 11, 2018, attached hereto as Exhibit A, at 168:7 – 169:1.)  It is without a doubt that Mr. Howard's arrest, and the evidence thereof, is probative and substantially outweighs any prejudicial inference.

> **b.**      **Assuming *arguendo*, Howard's character was placed at issue in the initial stages of this litigation, and therefore, evidence to rebut this assertion of character is permissible under Rule 404(a).**

Mr. Howard's behavior and overall demeanor is a central issue in this case and is frequently raised in the pleadings and testimony. In fact, Plaintiff places Mr. Howard's character at issue in the initial stages of this litigation. In the Complaint, Plaintiff describes Mr. Howard as "agitated, disoriented, incoherent, and confused." (Doc. 1, ¶¶ 19, 21, 22).  Plaintiff further

alleges Mr. Howard "retreated and cowered in the back corner of his cell during the incident." [1] (Doc. 1, ¶¶ 30, 32). Plaintiff has opened the door for Defendants to refute these allegations and to present opposing evidence to demonstrate Mr. Howard's capacity for violent behavior.

Rule 401 states that "relevant evidence" means having a tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable that it would be without the evidence. The Jury should be allowed to consider evidence of Mr. Howard's domestic violence leading to his arrest and whether this evidence lends itself to a conclusion that Mr. Howard was the aggressor. Further, the Tenth Circuit has permitted defendants to invoke the exceptions of Rule 404(a) in civil cases where the central issue is essentially criminal. *See Perrin v. Anderson*, 784 F.2d 1040, 1044-1045 (10th Cir. 1986) (allowing officers in civil rights case to present evidence of the decedent's character from which the jury could infer that the decedent was the aggressor. This same logic should be applied with the evidence presented to this Court.

The allegations in Plaintiff's Complaint imply that the decedent was frail and meek. Conveniently, Plaintiff now seeks to exclude all relevant evidence that overcome those allegations and place Mr. Howard in a negative light. Defendants should be given the opportunity to present evidence to refute those allegations and show his violent behavior.

### c.    The body cam videos were timely disclosed and produced to Plaintiff.

Plaintiff's Motion seeks to exclude the body-cam video footage on the basis that it was untimely disclosed. This statement is inaccurate. The County initially identified the records in its Rule 26 disclosures on September 5, 2018, as "Police/Corrections video." The videos were

---

[1]    Plaintiff's Complaint implies Howard is as gentle as a mouse. Plaintiff's Motion contradicts those allegations by seeking to exclude evidence of his violent behavior as a prior *bad* act.

subsequently identified as No. 35, "Orange County Sheriff's Office body cam footage from Howard's arrest," of the County's Exhibit List prepared and distributed to Plaintiff's counsel on April 12, 2019, at the attorneys' pretrial meeting. The body cam videos were also produced as trial exhibits to Plaintiff's counsel on April 12, 2019, at the pretrial meeting, and produced a second time as trial exhibits on April 18, 2019.

Plaintiff's assertion that her counsel has "not had the opportunity to depose the deputies who took the body camera footage or discover any documents pertaining to Howard's arrest" is simply false. (Doc. 110 at page 9.) Defendants provided both documents and specifically identified these witnesses from the very beginning of the discovery period.

During the course of discovery, both the County and the Nurse Defendants identified all the Sheriff's Deputies involved in Mr. Howard's arrest except Deputy Kasselman[2] in their Rule 26 disclosures. The County's disclosure was served December 27, 2017, and supplemented September 5, 2018 and September 19, 2018. The Nurse Defendants' disclosure was served January 5, 2018. Moreover, the County produced the Sheriff's Investigative Report containing documents that identify all of Sheriff's Deputies involved in Mr. Howard's arrest and summarizes their actions, on January 16, 2018 [06497 – 06498] and again on May 30, 2018 [07938 – 07939]. The County also produced Mr. Howard's Jail Inmate file which contains the arrest affidavit identifying and signed by the arresting deputy [04494 – 04495]. Like the body cam video, these documents were again identified as trial exhibits and produced to Plaintiff's counsel at the pretrial attorneys' meeting on April 12, 2019, and via email on April 19, 2019.

---

[2]    According to the Orange County Sheriff's Investigative Report, Deputy Kasselman responded to the stabbing at the Howard residence and assisted other deputies with performing a protective sweep of the residence. He did not complete a report.

6

Plaintiff's ignorance of evidence contained in documents repeatedly obtained throughout the course of discovery is not a basis for this Motion in Limine, and on those grounds alone, Plaintiff's Motion should be denied.

Finally, it is important for the Jury to see Howard's demeanor upon arrest. Plaintiff's Complaint describes Mr. Howard as "agitated, disoriented, incoherent, and confused." (Doc. 1, ¶¶ 19, 21, 22). To the contrary, Mr. Howard is calm, cooperative, and lucid when he was booked into the Orange County Jail and transferred to his initial housing assignment. Mr. Howard did not become combative and resistant until he was asked to do something by jail staff. The Jury should be allowed to consider this evidence.

**IV.    The evidence of Plaintiff's injuries following the domestic dispute is relevant to her claims seeking damage for emotional and psychological distress, mental anguish, as well as loss of companionship, and the admission of such evidence will not result in undue prejudice.**

Plaintiff's Motion also seeks to exclude evidence of Plaintiff's injuries following the domestic dispute on the basis that such evidence is prejudicial, invades her right to privacy, and is not relevant to her claim for damages. This argument fails for the reasons stated above. Defendants should be afforded the same opportunity to rebut Mr. Howard's alleged submissive demeanor with evidence of his aggressive behavior. This evidence includes medical records of the injuries Mrs. Howard sustained during the domestic dispute which gave rise to Mr. Howard's arrest.

Moreover, Plaintiff's Motion cites to *Weaver v. Myers*, 229 So. 3d 1118, 1132 (2017), as a basis to exclude introduction of Plaintiff's injuries. This case is distinguishable from *Weaver* in that the personal representative in *Weaver* brought a medical negligence action and sought to protect her late husband's right to privacy with regard to unrelated medical information. *Id.*

Unlike *Weaver*, this case stems from the domestic incident in which Plaintiff sustained the exact injuries she is trying to hide from the Jury. Her injuries are highly relevant to the case at issue. Without the domestic incident, Mr. Howard would not have been at the jail and this § 1983 case would not exist.

Further, Plaintiff seeks damages for emotional and psychological distress as well as mental anguish, and therefore, squarely places her emotional wellbeing at issue. (Doc. 1, ¶ 68). The medical evidence of Plaintiff's injuries is relevant to her familial relationship as well as her claim for emotional and psychological distress, mental anguish, and loss of companionship. Plaintiff shall not be permitted to place their emotional state at issue and then claim a right to privacy to hide injuries which play a significant factor in her emotional wellbeing from the jury. This information is relevant to the preparation of Defendants' defenses against Plaintiff's damages claim, because her medical records reveal stressors unrelated to Defendants which may have affected Plaintiff's emotional wellbeing. Evidence of Mrs. Howard's injuries also reveals the dynamics of her familial relationship. Therefore, evidence that Plaintiff was a victim of domestic abuse is pertinent to her claim for loss of spousal companionship. Accordingly, Plaintiff's Motion to preclude the introduction of any evidence related to her injuries should be denied.

**V.     Plaintiff seeks to exclude any testimony, inference, or argument of benevolent gestures or expression of being remorseful, which is expressly prohibited under Florida law.**

Plaintiff requests an order precluding any reference or suggestion that Defendants are remorseful. Plaintiff does not identify any specific testimony, statements, or other evidence which raises this issue. To the extent that Plaintiff's Motion is directed toward statements, writings, or benevolent gestures expressing sympathy, which are specifically inadmissible under

8

§ 90.4026, Fla. Stat., Defendant notes that this action will be tried under the Federal Rules of Evidence. The Federal Rules of Evidence do not have a similar prohibition on statements expressing sympathy.  Rather, the admissibility of apology evidence should be addressed on a case-by-case basis depending on the content, context, and purpose of the evidence.  *See e.g.*, United States v. Samaniego, 345 F.3d 1280, 1283 (11th Cir. 2003) (analyzing admissibility of apology under hearsay exceptions).  At best, Plaintiff's overbroad and nonspecific Omnibus Motion in Limine on this point purports to be solution in search of a problem.  On these grounds alone, Plaintiff's Motion should be denied.

### VI.    Plaintiff seeks to preclude any testimony, inference, or argument regarding recovery from taxpayers.

Plaintiff also seeks to preclude any testimony, inference, or argument regarding the verdict paid by tax dollars. This is another example of Plaintiff requesting that the trial of this matter be conducted under the Federal Rules of Evidence. Defendant does not intend to offer any evidence or argument which would violate the Federal Rules of Evidence.

### VII.    Plaintiff's Motion seeks to preclude any testimony, inference, or argument regarding the financial wherewithal of Defendants.

Plaintiff seeks to exclude any testimony, evidence, or reference to the financial status of the Defendants. To the extent that liability is determined against the Defendant, Defendant is well aware of the established precedent regarding the admissibility of a party's financial status and does not intend to present any evidence that would subject this Honorable Court to reversible error.

### VIII.    Plaintiff's Motion in limine improperly seeks to *permit* evidence of hedonic damages, which is not recoverable under Florida law.

Plaintiff disguises a request to permit hedonic damages in a rather convoluted Motion in Limine to exclude evidence. This request is entirely improper and inappropriate.  A "motion in

limine" is made to exclude anticipated prejudicial evidence before the evidence is presented. *Acevedo*, 317 F. Supp. 3d at 1192. Nonetheless, should this Court entertain Plaintiff's request, it must be denied under Florida law.

Mr. Howard's post injury mental pain and suffering and any related claim for post death loss of enjoyment are not recoverable under Fla. Stat. § 768.21, and such damages are not available under § 1983 where the constitutional injury resulted in death. Florida's Wrongful Death Act ("FWDA") permits recovery of economic damages to the estate when personal injury results in death, but does not allow recovery for the decedent's pre-death pain and suffering or hedonic damages. *See* Fla. Stat. § 768.20 ("When a personal injury to the decedent results in death, no action for the personal injury shall survive, and any such action pending at the time of death shall abate."). The FWDA permits recovery of economic damages to the estate when personal injury results in death but does not allow recovery for the decedent's pre-death pain and suffering or hedonic damages. *See*, *Sharbaugh v. Beaudry*, 267 F. Supp. 3d 1326, 1329 (N.D. Fla. 2017); *Degraw v. Gualtieri*, No. 8:11-CV-720-EAK-MAP, 2013 WL 3462332, at *3 (M.D. Fla. July 9, 2013); *Estate of Breedlove v. Orange Cty. Sheriff's Office*, No. 6:11-CV-2027-ORL-31, 2012 WL 2389765, at *4 (M.D. Fla. June 25, 2012). Accordingly, Plaintiff's request for hedonic damages is barred by Florida's Wrongful Death Act, and should be denied.

**WHEREFORE**, Defendant, ORANGE COUNTY, requests this Court enter an Order denying Plaintiff's Omnibus Motion in Limine, and for any other relief as the Court deems just and proper.

## CERTIFICATE OF SERVICE

10

I **HEREBY CERTIFY** that on May 10, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record to date.

*/s/ Gail C. Bradford*
WILLIAM E. LAWTON, ESQUIRE
Florida Bar No. 163236
wlawton@drml-law.com
GAIL C. BRADFORD, ESQ.
Florida Bar No. 0295980
gbradford@drml-law.com
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel:    407-422-4310
Fax:    407-648-0233
Attorneys for Defendant, Orange County

11