IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLYN HOWARD, individually and
as personal representative of the estate of
WILLIAM HOWARD;
HEIDI HAYE, individually,
SONYA SMITH, individually, and
WILLIAM HOWARD JR., individually.

CASE NO:  6:17-cv-1473-ORL-18-GJK

      Plaintiffs,

vs.

RICHARD WILKINSON, individually;
RICHARD LEBLANC, individually;
RYAN WILSON, individually;
JAMES NELSON, individually;
JUAN PADILLA, individually;
PENELOPE GRAY, individually;
NANCY MENDOZA, individually;
RODNEY MARTIN, individually;
ANDREA DISTIN-CAMPBELL, individually;
and ORANGE COUNTY, FLORIDA.

      Defendants.

_____/

### DEFENDANTS PENELOPE GRAY, NANCY MENDOZA, RODNEY MARTIN, AND ANDREA DISTIN-CAMPBELL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE AND NOTICE OF LIMITED JOINDER TO DEFENDANT, ORANGE COUNTY'S RESPONSE IN OPPOSITION TO PLAINTIFF'S OMNIBUS MOTION IN LIMINE

Defendants, PENELOPE GRAY, NANCY MENDOZA, RODNEY MARTIN and

ANDREA DISTIN-CAMPBELL ("Nurse Defendants") by and through their undersigned

counsel, file this Opposition to Plaintiff's Motion in Limine and Notice of Joinder

adopting, in part the arguments made in the Response in Opposition to Plaintiff's

Omnibus Motion in Limine filed on May 10, 2019 by Defendant Orange County, Florida. [Doc. 119].

1.      The Nurse Defendants joint in all the arguments in the County's Opposition to Plaintiff's omnibus Motion in Limine, except VII.

2.      The Nurse Defendant's oppose Plaintiff's efforts to preclude evidence of the Nurse Defendants' financial wherewithal and net worth.

3.      Punitive damages in § 1983 claims are not recoverable against government entities. *Young Apartments, Inc. v. Town of Jupiter, Fla.*, 529 F.3d 1027, 1047 (11th Cir. 2008).   This case however is brought against both individuals and Orange County, Florida.   Pattern Instruction 5.13 expressly states that punitive damages may be assessed only against the individual defendants for their respective conduct.   As to the individual defendants sued for punitive damages evidence of their financial resources is necessarily admissible. *Valdes v. Miami-Dade Cnty.*, No. 12-22426, 2015 U.S. Dist. LEXIS 155196, at *41 (S.D. Fla. Nov. 17, 2015) ("Where there is a claim for punitive damages a defendant's financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award.") (citing *Shores of Panama Resort Cmty. Ass'n Inc. v. Halberthal*, No. 5:14-CV-294-RH-GRJ, 2015 U.S. Dist. LEXIS 70396, 2015 WL 3466127, at *1 (N.D. Fla. June 1, 2015) (citing *Myers v. Cent. Fla. Invs. Inc.*, 592 F.3d 1201, 1216 (11th Cir. 2010)).

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2019, I electronically filed the foregoing with the

Clerk of the Courts by using the CM/ECF system which will send a notice of electronic

filing to all counsel of record to date.

s/ Brian F. Moes
Walter A. Ketcham, Jr., Esquire
Florida Bar No. 156630
Brian F. Moes, Esquire
Florida Bar No.  39403
Counsel for Defendants Gray, Mendoza, Martin and
Distin-Campbell
Grower, Ketcham, Eide, Telan & Meltz, P.A.
PO Box 538065
Orlando, FL  32853-8065
Phone: (407) 423-9545
Fax:    (407) 425-7104
Email: waketcham@growerketcham.com
Email: bfmoes@growerketcham.com

13210/2693