

| ORANGE COUNTY<br>CORRECTIONS DEPARTMENT<br><br>ADMINISTRATIVE ORDER<br><br>O.C.C.D.  NO.  IO.009 | |
|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 1 of 29** |

## I.    AUTHORITY:

Florida State Statutes 776.06, 776.07, 776.012, 776.031, 790, 944.241and 944.35
Florida Model Jail Standards 3.02, (h) (j) and 3.03 (a)(b)
Whitley vs. Albers, 475 U.S. 312 (1986)
Graham vs. Conner, 490 U.S. 386 (1989)
Hudson vs. McMillan, 503 U.S. 1 (1992)
Tennessee vs. Garner, 471 U.S. 1 (1985)

## II.    REFERENCE:

American Correctional Association Standards 4-ALDF-2B-01M, 4-ALDF-2B-02, 4-ALDF-2B-02-1, 4-ALDF-2B-03M, 4-ALDF-2B-04, 4-ALDF-2B-07, and 4-ALDF-2B-08M,
Florida Corrections Accreditation Commission Standards 6.10M, 6.13M and 6.23
National Commission on Correctional Health Care J-I-01
OCCD Administrative Orders AM.400, "Department Records Management", H.R.201, "Internal Investigations", IO.016, Firearms/Security Equipment Safety, Handling, Issue, & Storage, IO.020, "Use of Portable Video/Camera Equipment", IO.109, "Critical Event Reporting Procedures", and IS.402, "Medical Emergency Response"
OCCD Forms "Use of Force Packet", "Confinement Log", (OP-7), "Special Watch Log", (OP-9), "OC Exposure Form", (OP-55), "Use of Chemical Agent Report", (OP-56), "Use of Force Audit Checklist", (OP-61), "Use of Force Video Script", (OP-62) and "Chain of Custody", (OP-82)

## III.    POLICY:  FMJS 3.03 (a) and FCAC 6.23

This policy establishes guidelines for certified personnel concerning the Departments use of force that reflects agency philosophy, professional law enforcement, and established state and judicial standards. It is the policy of the agency that personnel only use that level of force objectively reasonable to perform their duties. Courts examine the factors announced by the U.S. Supreme Court in Graham vs. Connor to determine whether the use of force

**Effective Date: 12/30/15**
08444    HOWARD



| | **ORANGE COUNTY<br>CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 2 of 29** |

was objectively reasonable. An officer must consider factors when using physical force: (a) the severity of the offense at issue; (b) whether the subject poses an immediate threat to the safety of the facility, officers, or others; and (c) whether the subject is actively resisting officer's attempt at establishing control or attempting to evade custody by flight. ==Signage regarding the application of restraints on pregnant inmates will be posted in female housing units and in designated departmental clinics.==

Officers shall not strike or use physical force against any person except when necessary in self-defense, in defense of another, to overcome physical resistance to lawful commands, quell disturbances, prevent property damage, or to prevent the escape of an arrested person/inmate. When deadly force is justified, it shall be considered a last resort and be employed for effect and not for warning.

This policy cannot cover every incident in which force may be used; however, it is the responsibility of staff to assess situations and act within the reasonable guidelines established in this policy. It is incumbent upon the officer to justify and properly articulate their response and actions in a written report after force has been used. The perceptions of the officer and the totality of the situation will be so documented, as they will be taken into consideration when determining whether the force used was applied in a good faith effort to prevent self-injury of an inmate or to maintain or restore order or maliciously and sadistically for the very purpose of causing harm.

## IV.    DEFINITIONS:

A.    <u>Authorized Force:</u>  Force that is necessary reasonable, and conforms to organizational policies and procedures as well as Federal and State laws.

B.    <u>CHSD:</u>  Corrections Health Services Division.

C.    <u>Conducted Electrical Weapon (CEW):</u>  Weapon system designed to use propelled wires or direct contact to conduct energy in order to affect the sensory and/or motor functions of the nervous system.

**Effective Date: 12/30/15**
08445    HOWARD

|  | **ORANGE COUNTY<br>CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** |  |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 3 of 29** |

D.  <u>Deadly Force:</u>  Force that is likely to cause death or great bodily harm of the person against whom the force is applied.

E.  <u>Electronic Control Device (ECD):</u>  An electroshock device designed to affect the sensory nervous system and/or disrupt voluntary muscle control. For the purpose of this policy such devices shall include the R.E.A.C.T. System.

F.  <u>Exigent Circumstances:</u>  Situations that demand unusual or immediate action.

G.  <u>Five-Point Bed Restraints:</u>  The inmate's wrists/legs are restrained to the bed and the five-point restraint refers to the application of an additional strap across the upper torso to prevent an inmate from sliding.

H.  <u>Five-Point Chair Restraints:</u>  The inmate wrists/legs are restrained to the chair and the five-point restraint refers to the application of a shoulder and lap strap, which is required to be applied in order to properly secure an inmate to the restraint chair.

I.  <u>Force:</u> An overcoming of resistance by the exertion of strength, power, or duress. Force is applied when direct physical contact is made.

J.  <u>Four-Point Restraints:</u>  The inmate is restrained by connecting the wrist and leg restraints together by using metal handcuffs or leather/ polyurethane restraints.

K.  <u>Great Bodily Harm:</u> A condition which creates a substantial risk of death; serious injury, disfigurement, protracted loss, or impairment of the function of any bodily member or organ.

L.  <u>Less than Lethal:</u>  Force that is highly unlikely to cause death or great bodily harm.

**Effective Date: 12/30/15**
08446    HOWARD



**ORANGE COUNTY
CORRECTIONS DEPARTMENT**


**ADMINISTRATIVE ORDER**


**O.C.C.D.  NO.  IO.009**



| SUBJECT: | USE OF FORCE | Page 4 of 29 |
|---|---|---|

M.    Oleoresin Capsicum (OC):  A natural pepper based inflammatory substance that causes temporary inflammation of the skin surfaces, mucous membranes, and eyes.

N.    Planned Use of Force:    Force used after the development and rehearsal of an action plan to control a volatile situation or event.

O.    Postpartum Recovery: The period immediately following delivery, including the recovery period when a woman is in the hospital or infirmary following birth, up to 24 hours after delivery unless the physician recommends a longer period of time.

P.    R.E.A.C.T. Control System (RCS):    An electronic control device designed to be worn as a sleeve on the inmate's leg or arm and is activated via remote control, the device may be worn in a low profile mode (under the inmate's clothing). Upon activation, device produces an electrical charge for eight (8) seconds, immobilizing a subject to enable officers to stabilize a confrontation and/or re-establish control.

Q.    Spontaneous Use of Force:  Force used without planning due to the immediate need to control a situation to protect, defend, and de-escalate a volatile situation.

R.    Squad Supervisor:  Correctional Sergeant, or Corporal.

S.    Supine Position: Lying on his/her back, face up.

T.    Use of Force Matrix:  The Use of Force Matrix is a set of guidelines established to assist Orange County Corrections Department Correctional Officers in their decision-making process regarding the appropriate use of force (see attachment I).

U.    Situational Factors: Additional factors considered when making use of force decisions (See attachment II).

**Effective Date: 12/30/15**
08447    HOWARD



| | **ORANGE COUNTY<br>CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 5 of 29** |

## V.    PROCEDURES:

A.    <u>Authorized Force:</u>

1.    The Use of Force Matrix is meant to be used as a guideline for officers to select effective, reasonable, and legal force options in a verbal or physical encounter.

2.    The totality of the circumstances as described in the written report and subsequent investigative interviews will determine if the officer's response option was reasonable in relationship to the inmate's resistance. Therefore, all situational factors known to the officer at the time of the incident must be included in any description (written/verbal) of the incident to establish that the force used was reasonably necessary.

3.    Reasonable force may be applied to:

a.    Defend oneself or another against death or great bodily harm **4-ALDF-2B-01**

b.    Prevent an escape **4-ALDF-2B-01**

c.    Prevent damage to property **4-ALDF-2B-01**

d.    Quell a disturbance

e.    Overcome passive, active, aggressive and aggravated resistance to a lawful command

f.    Administer medical treatment only by or under the supervision of a physician or his/her designee and in accordance with a court order.

4.    Planned Use of Force:

a.    When an officer has reason to believe that an inmate's **resistance level is escalating and may require a use**

**Effective Date: 12/30/15**
08448    HOWARD

| ORANGE COUNTY GOVERNMENT FLORIDA | **ORANGE COUNTY CORRECTIONS DEPARTMENT**  **ADMINISTRATIVE ORDER**  **O.C.C.D.  NO.  IO.009** | CORRECTIONS DEPARTMENT ORANGE COUNTY FLA. |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 6 of 29** |

**of** force, the officer will notify their Squad Supervisor. The officer will inform the Squad Supervisor of the resistance level and applicable situational factors.

b.      The Squad Supervisor will respond to the scene, and upon their arrival, assess the threat perceived by the officer. If the Squad Supervisor concurs, and an imminent situation exists, he/she will notify their Squad Lieutenant and assume control of the incident by setting up a video camera in accordance with OCCD Administrative Order IO.020, "Use of Video/Camera Equipment."

c.      If dialogue with the inmate(s), to resolve the situation, is ineffective, the Squad Supervisor will coordinate additional officer assistance if needed, to include evaluating the possible use of the department's Special Response Team, who will assume control of the scene if they respond.

d.      If the Special Response Team is not activated, the Squad Supervisor will plan the action to be taken (rehearse when time permits), and video record their instructions to staff and staff's acknowledgement of the plan.

e.      Prior to initiation of the planned "Use of Force," ensure a minimum of one video camera is  properly positioned as follows:

1)      When stationary, the camera **will** be positioned and set to capture the widest possible view and positioned on a tripod to record as much of the incident location as possible prior to initiating force.

**Effective Date: 12/30/15**
08449     HOWARD

| | ORANGE COUNTY CORRECTIONS DEPARTMENT | |
|---|---|---|
| | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 7 of 29** |

2)    The camera will be utilized to video record all activity prior to, during, and following the application of force.

3)    During the use of force the camera will record from a handheld position to record the events associated with the application of force. Events recorded will include the briefing of staff prior to the application of force, response options used by staff in relationship to the inmate's resistance, and procedures followed after the inmate (s) has been secured.

4)    Following the use of force, the camera will be returned to the tripod and set to capture any continued resistance after the use of force.

f.    The Squad Supervisor will read and follow all instructions given on the "Use of Force Video Script" (OP-62), and initiate the application of force when all dialogue and attempts have failed to de-escalate the situation.

g.    Restraint procedures contained in this policy will be followed if an inmate is placed in restraints during the course of the incident.

h.    The Squad Supervisor will provide staff involved in the incident the opportunity for medical examination and treatment according to Orange County Policy for on-the-job accidents/injuries.

i.    The Squad Supervisor will ensure staff takes photographs when there is an apparent injury or the inmate states he/she has an injury.

**Effective Date: 12/30/15**
08450    HOWARD



| | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 8 of 29** |

j.    The Squad Supervisor will document his/her observations and involvement in the Supervisor's section of the "Incident Report Packet" and ensure all documentation listed on the Checklist (OP-61) is complete, accurate, and descriptive.

k.    The Squad Lieutenant will provide notification to the On-duty Captain, and if applicable, ensure senior command and internal notifications are completed in accordance with OCCD Administrative Order IO.109, "Critical Event/Major Incident Reporting Procedures."

l.    The Squad Lieutenant will review videotapes and/or photographs along with all pertinent documentation to ensure completeness and accuracy in accordance with the provisions of this policy as indicated by their signature on the "Use of Force" Audit Checklist (OP-61), and notation in the IMS "Use of Force" Incident Report Packet".

m.    The Squad Lieutenant will be required to ensure that an impartial supervisor of equal or greater rank than the staff member they are investigating completes an investigation of the incident and that the original documentation, videotapes, and/or photographs are delivered to the On-duty Captain within five (5) working days.

n.    Upon the completion of the investigation, the On-duty Captain will review all documents, video, and/or photographs, and document review of the "Use of Force." If the "Use of Force" is questionable, the reasons will be documented in the comments section and Division Command staff will determine further action.

**Effective Date: 12/30/15**
08451    HOWARD



| | ORANGE COUNTY CORRECTIONS DEPARTMENT<br><br>ADMINISTRATIVE ORDER<br><br>O.C.C.D. NO. IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 9 of 29** |

o.  All videotapes and documentation related to the incident are delivered and processed in accordance with OCCD Administrative Order IO.020, "Use of Portable Video/Camera Equipment".

p.  CHSD staff will conduct an assessment of the inmate (s) involved in the "Use of Force" incident, and provide treatment as appropriate.

q.  The assessment will be documented on the "Medical Review Form" located in IMS indicating the date, time, and name(s) of the CHSD staff who assessed the inmate(s).

5.  Spontaneous Use of Force:

a.  Certified officers faced with a spontaneous threat to themselves or a third person will apply force in a good faith effort to prevent self-injury and maintain or restore order.

b.  Additional officers, supervisors, and CHSD staff will be summoned to the scene to provide assistance and medical care.

c.  The Squad Supervisor will notify his/her Squad Lieutenant as they are responding to the scene, and upon their arrival ensure that a video camera is set up, if the incident is ongoing.

d.  The provisions set forth in the "Planned Use of Force" section of this policy will be followed to manage, record, document, and report a spontaneous "Use of Force."

**Effective Date: 12/30/15**

08452    HOWARD



| | | |
|---|---|---|
| | **ORANGE COUNTY**<br>**CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 10 of 29** |

6.     Oleoresin Capsicum (OC): 4-ALDF-2B-04, FMJS 3.03 (b)

     a.     Trained, certified staff are authorized to use OC as a reasonable response to an inmate's resistance to a lawful order to lessen the potential for injury to staff and inmate.

     b.     Authorized staff will carry OC while working in their assigned positions, however, their initial training and subsequent annual training must be completed and current prior to their use of OC.

     c.     If an inmate(s) threaten the officer or another with bodily harm it is not necessary to wait until the inmate engages in physical violence to use this tactical tool. However, a verbal warning will be issued prior to discharge of OC whenever possible to safe guard innocent bystanders or other officers from contamination, unless the warning causes a tactical disadvantage. If the inmate's actions would be perceived as causing harm to themselves, destruction of County property, and/or causing a major disruption, then OC could be utilized as a tool to control the situation.

     d.     The use of OC on an inmate in restraints will be used only when exigent circumstances exist, and as a last resort that must be justified by the situational factors present.

     e.     An inmate in medical distress after being sprayed will be provided assistance in accordance with OCCD Administrative Order IS.402, "Medical Emergency Response." Staff may seek medical treatment according to Orange County policy for on the job accidents/injuries.

**Effective Date: 12/30/15**
08453     HOWARD



| | | |
|---|---|---|
| **ORANGE COUNTY**<br>**CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | | |
| **SUBJECT:** | **USE OF FORCE** | **Page 11 of 29** |

f.    The affected inmate will be allowed to seek relief by rinsing with COOL water. Do not allow the inmate to use soap, hot water, or lotions as this will seal the agent and the decontamination process will be prolonged.

g.    The inmate will be provided with a clean set of clothing, placed on a fifteen (15) minute check, and given a medical assessment by the CHSD nursing staff. The CHSD nursing staff will make an additional assessment within one (1) hour, or upon the request of Correctional staff monitoring the inmate.

h.    Authorized staff will be issued one (1) OC canister and additional canisters will be located in designated storage areas and the firearms depository located at the Orange County firing range. The Range Master or designee will manage monthly inventory, exchange of outdated or empty canisters, and their disposal in accordance with OCCD Administrative Order IO.016, "Firearms/Security Equipment Safety, Handling, Issue, and Storage."

7.    Expandable Baton: 4-ALDF-2B-04

a.    The Chief of Corrections or designee must authorize the introduction of expandable batons into the secure area of a facility.

b.    Issuance and use of the expandable baton will be restricted to certified correctional staff trained by a certified department instructor.

c.    Transportation, Perimeter Security, Hospital Security, and Road Crew will carry the expandable baton while working in their permanently assigned positions.

**Effective Date: 12/30/15**
08454    HOWARD

| | ORANGE COUNTY CORRECTIONS DEPARTMENT | |
|---|---|---|
| | **ORANGE COUNTY CORRECTIONS DEPARTMENT** **ADMINISTRATIVE ORDER** **O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 12 of 29** |

d.      Initial training and subsequent annual training requirements must be completed and current prior to the issuance and use of this weapon.

8.      Firearms: **4-ALDF-2B-04**

a.      The Chief of Corrections or designee must authorize the introduction of a firearm inside the secure perimeter, and use will be restricted to Correctional staff trained by a certified department instructor.  All those not authorized will secure their weapon(s) in an armory or weapons depository prior to entering into any secured area. **4-ALDF-2B-08, FCAC 6.10M, FMJS 3.02 (h)**

b.      Deadly force will be used as a last resort to prevent death or great bodily harm to the officer or another, and if tactically feasible display of the firearm along with a verbal warning will be given prior to the use of deadly force to obtain inmate compliance.  However, when it becomes necessary as a last resort to use a firearm, it will be used to stop the threat of death or great bodily harm. **4-ALDF-2B-08**

c.      Certified staff are discouraged from firing at or from any moving vehicle, or when innocent bystanders would be endangered, unless it is absolutely necessary to save a life. Under no circumstance will a warning shot be fired.

d.      When challenged, certified staff will never voluntarily surrender their weapon.

e.      Personally owned firearms or ammunition will not be carried or used by staff while on duty, either as a primary or backup weapon.

f.      The Squad Supervisor and Control Room staff will make notifications in accordance with OCCD

**Effective Date: 12/30/15**
08455    HOWARD



| | | |
|---|---|---|
| | **ORANGE COUNTY**<br>**CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 13 of 29** |

Administrative Order IO.109, "Critical Event/Major Incident Reporting Procedure", in all cases where a firearm has been discharged or the officer has drawn his/her weapon in response to a threat.

g.    Certified staff discharging a firearm, excluding less lethal impact munitions, will immediately call 9-911 for response by a law enforcement agency, secure the scene to preserve evidence, and then request Correctional/CHSD staff response via radio or phone.

h.    The Squad Supervisor will notify his/her Squad Lieutenant as they are responding to the scene, and upon their arrival take action to control, contain, and secure the scene/weapon(s).  Perimeter Security staff will also be notified and a command post established to coordinate the incident.

i.    The responding Squad Lieutenant will manage the command post upon their arrival and ensure that proper notification and documentation is completed, to include the notification of the Internal Affairs Unit.

B.    <u>Restraint Devices:</u>

1.    Restraint devices will only be used for the time necessary to prevent self-injury, injury of others, or property damage, and will never be applied as punishment. **4-ALDF-2B-01, 4-ALDF-2B-02, FCAC 6.13M**

2.    Staff will not apply handcuffs or rapid handcuffs in front of the inmate's body, unless the inmate has a physical limitation, or if necessary to create a tactical advantage for the officer.

3.    Handcuffs may be applied in front in combination with waist chains, and after being applied the restraints will immediately be double locked and checked for tightness.

**Effective Date: 12/30/15**
08456    HOWARD

| | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 14 of 29** |

4.    Any resistance encountered to the application of a restraint device at the level of Passive or above will not be construed as routine and must, at a minimum be verbally reported to your Squad Supervisor, and notation made in the inmate s behavior notes.

5.    A Squad Supervisor and CHSD staff will be notified prior to the application of restraints on a **pregnant inmate (s)**, unless they pose a potential security, escape or officer safety threat. The least restrictive restraint equipment to quell the situation with the explicit approval of the responding Squad Supervisor will be used. When handcuffs are applied, they will be applied in the front and the **pregnant inmate(s)** must be transported via wheelchair. **4-ALDF-2B-02-1**

6.    Pregnant Inmates:  **4-ALDF-2B-02-1**

   a.    Active Labor, Child Delivery, Postpartum Recovery:

   The application of restraints to an inmate will be prohibited during active labor, child delivery and postpartum recovery unless the inmate poses a substantial flight risk or there are extraordinary medical or security circumstances that dictate the use of restraints to ensure the safety and security of the inmate, staff (jail or medical facility), other inmates or the public. In the event restraints are applied, they must be applied in the least restrictive manner necessary. Under no circumstances shall leg, ankle, or waist restraints be used on any pregnant inmate who is in labor or delivery. If the physician requests restraints not be used for documentable medical reasons, the officer, after determining an extraordinary public safety risk, may restrain the inmate but is prohibited from restraining active labor or child delivery inmates with leg, ankle or waist restraints.

**Effective Date: 12/30/15**
08457    HOWARD

| | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D. NO. IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 15 of 29** |

b.    Third Trimester, Requested by the Physician:

The application of leg, ankle and waist restraints will be prohibited during the third trimester or when requested by the physician unless there are significant documentable security reasons that dictate the use of those types of restraints to ensure the safety of the inmate, unborn child or public. Wrist restraints may be used but must be applied in the front unless significant documentable security reasons dictate otherwise.

c.    Pregnant:

Any restraint of an inmate known to be pregnant must be done in the least restrictive manner necessary.

7.    Selection of equipment for escort purposes during or after a "Use of Force" will depend upon the continual resistance of the inmate either physical or verbal, and restraint devices will not be applied for any time longer than necessary to gain compliance and control.

8.    CHSD staff will identify any known physical limitation that may preclude placement in four, or five-point restraint prior to the inmate being restrained.

9.    Four and five-point restraints will only be used in extreme instances and only when other types of restraints have proven ineffective or the safety of the inmate is in jeopardy. **4-ALDF-2B-03M**

10.    Staff must clearly demonstrate through their actions, and subsequent documentation, that there was an immediate danger to the officer or others or a life threatening situation that other alternatives were used and proven ineffective prior to the use of a restraint chair or bed. Alternative methods may include, but are not limited to keeping an inmate handcuffed

**Effective Date: 12/30/15**

08458    HOWARD



| | | |
|---|---|---|
| | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D. NO. IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 16 of 29** |

and placing him/her in a holding cell, and/or immediately alerting CHSD staff to assess the incident. **4-ALDF-2B-03M**

11.    When staff must place an inmate directly on a restraint chair or bed, it must either be in response to an immediate danger to the officer, others, a life threatening situation, the inmate is engaging in severe self-injurious behavior, or when it is clearly the only way to prevent self-injury.

12.    When four or five-point restraints must be applied, the Squad Supervisor must be notified and requested to respond to the scene. **4-ALDF-2B-03M**

13.    Additionally, CHSD Nursing Supervisor or designee must be notified and requested to respond to the scene to: **4-ALDF-2B-03M**

    a.    Assess the inmate's medical and mental health condition

    b.    Advise whether, on the basis of serious danger to self or others, the inmate should be in a medical/mental health unit for emergency involuntary treatment with sedation and/or other medical management, as appropriate.

14.    If the inmate is not transferred to a medical/mental health unit and is restrained in four or five point restraint, the following minimum procedures will be followed: **4-ALDF-2B-03M**

    a.    Direct visual observation by officers will be continuous prior to obtaining approval from the CHSD staff

    b.    Officers will maintain direct observation until restraints are removed.

**Effective Date: 12/30/15**
08459    HOWARD



| | | |
|---|---|---|
| | **ORANGE COUNTY<br>CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 17 of 29** |

15.   Four-Point Restraints:

    a.   Four-point restraints will only be applied upon the approval of a Squad Supervisor, or when staff is in immediate danger or life threatening situations, and for the sole purpose of transporting an inmate to an area with a restraint chair and/or bed. **4-ALDF-2B-03M**

    b.   The inmate will be placed in an appropriate position to allow free breathing and will be rolled onto his/her side as soon as possible to preclude undue pressure on the inmates' chest or stomach. CHSD staff will examine the inmate prior to their departure and upon their arrival at their final destination.

16.   Five-Point Restraints:

    a.   Five-point restraints may be applied to secure inmates to either a restraint bed or chair, and will only be applied upon the approval of a Squad Supervisor, or if an officer is facing immediate danger or life-threatening situation. However, the officer must immediately contact a Squad Supervisor and CHSD staff after restraining an inmate. The inmate will be rotated from the restraint bed to the restraint chair every two (2) hours with ambulation (walking for ten (10) minutes, if possible) between placements on the restraint chair or bed. In the event an inmate refuses ambulation, the decision to use force to accomplish the required ambulation will be determined on a case-by-case basis by the Squad Lieutenant.

    b.   When secured to a restraint bed, the inmate will be placed in the supine position to preclude undue pressure on the inmate's chest and stomach.

**Effective Date: 12/30/15**
08460    HOWARD



| | ORANGE COUNTY CORRECTIONS DEPARTMENT  ADMINISTRATIVE ORDER  O.C.C.D. NO. IO.009 | |
|---|---|---|
| SUBJECT: | USE OF FORCE | Page 18 of 29 |

c.  Officers will immediately lock the restraints and check for tightness. However, if there is reason to believe an inmate may vomit the officer or available CHSD staff will ensure the inmate is turned onto their side.

d.  Officers will maintain direct observation and control of the inmate in restraints and modify the restraints as needed for CHSD staff to complete an adequate assessment (e.g. blood pressure, medication, possible injury etc.). Officers will secure the modified restraints upon completion of the assessment by CHSD staff. CHSD staff will make assessments every thirty (30) minutes for the first hour then every two (2) hours, or more frequently, as requested by Corrections staff until restraints are removed.

e.  The Squad Supervisor will notify his/her Squad Lieutenant as they are responding to the scene and upon their arrival check the restraints for proper placement and tightness. The Squad Lieutenant will notify the On-duty Captain.

f.  If the Squad Lieutenant believes an inmate should be restrained for more than one (1) hour, he/she will notify the On-duty Captain, who may authorize continued restraint after also conferring with available CHSD staff.

g.  The Squad Supervisor will physically check the restraints and speak with the inmate every two (2) hours, and advise the Squad Lieutenant of any changes in the inmate's behavior.

h.  The Squad Lieutenant will physically check the restraints and speak with the inmate during the first hour, and every four (4) hours thereafter or more frequently if deemed necessary. The Squad Lieutenant will report these evaluations to the On-duty Captain

**Effective Date: 12/30/15**
08461    HOWARD



| | | |
|---|---|---|
| **ORANGE COUNTY CORRECTIONS DEPARTMENT** **ADMINISTRATIVE ORDER** **O.C.C.D. NO. IO.009** | | |
| **SUBJECT:** | **USE OF FORCE** | **Page 19 of 29** |

who will notify the Division Major if restraints continue for more than five (5) hours.

i.     In the event that an inmate is secured to the restraint bed for an extended period of time over twenty-four hours (24) due to a security plan created by Corrections and CHSD staff, the Squad Supervisor will physically check the restraints and speak with the inmate every two (2) hours and advise the Squad Lieutenant of any changes in the inmate's behavior. The Squad Lieutenant will physically check the restraints and speak with the inmate every four (4) hours. The inmate must be rotated from the restraint bed to the restraint chair every two (2) hours. In the event that the inmate refuses to be moved, a supervisor will be notified and the inmate's refusal will be video recorded/documented. A Squad Lieutenant will be apprised of the inmate's refusal and determine if force should be used to relocate the inmate from the restraint bed to the restraint chair.

j.     The On-duty Captain will manage the incident and decide when to remove the restraints based on feedback from Correctional/CHSD staff, and guidance from their Division Major if applicable.

k.     The restraints will be removed upon instructions from the Squad Lieutenant, after a consultation with CHSD staff has determined that the inmate is no longer a serious danger to self or others, or if a medical evaluation indicates a detrimental situation exits.

l.     If CHSD staff determines continuation of restraints would be medically detrimental to the inmate, but not life threatening, CHSD staff and the On-duty Captain will make a joint decision on whether to continue or discontinue the use of restraints.

**Effective Date: 12/30/15**
08462    HOWARD



| | **ORANGE COUNTY CORRECTIONS DEPARTMENT** **ADMINISTRATIVE ORDER** **O.C.C.D. NO. IO.009** | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 20 of 29** |

m.    If the on-duty Nursing supervisor and On-duty Captain are unable to reach a joint decision both chains-of-command (Operations and CHSD) will be informed and will make the decision.

n.    When possible, portable, handheld, video recordings will begin prior to the application of restraints and conclude after the restraints have been removed and the inmate has been secured in his/her cell. Photographs will be taken of the inmate when there is an apparent injury to his/her person, or if the inmate states they have been injured while being restrained.

17.    Case Conferences:

a.    When an event requires the use of continued restraints for longer than twenty-four (24) hours, a case conference will be initiated by the CHSD Clinical Risk Management Coordinator or designee to review and determine a management plan for the restrained inmate.

b.    Staff attending the case conference shall include: The CHSD Medical Director, Assistant Managers, Nurse Manager Nursing Unit Supervisor(s), Mental Health staff, Classification supervisor, Inmate Affairs Supervisor, and Security Senior Command/ Administrative personnel.

c.    The Nursing Unit Supervisor or designee will initiate the joint case conference after hours, weekends, and holidays. Attendees should include at a minimum a Nursing Unit Supervisor or designee, On-duty Captain or designee and Mental Health staff.

**Effective Date: 12/30/15**
08463    HOWARD

| | | |
|---|---|---|
| ORANGE COUNTY GOVERNMENT FLORIDA | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D.  NO.  IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 21 of 29** |

      d.      Case conferences will continue to be held every twenty-four (24) hours in which the inmate remains in restraints.

C.      <u>Documentation Procedures:</u>  **4-ALDF-2B-03M**

      1.      A written report package will be generated and submitted to the Division Major prior to leaving the facility or by the conclusion of the shift unless extenuating circumstances exist, by the affected employees who witnessed or participated in the following: **4-ALDF-2B-07, FMJS 3.02 (J)**

            a.      Discharge of a firearm, or use of any weapon. Documentation must include the description of the firearm, serial number, and if known, number and direction of rounds fired by the officer, and area of gunshot wound, if known.

            b.      Application of force to control inmates, or to place them in restraints

      2.      Due to the high level of stress created by incidents involving force, involved staff should be removed from the incident scene and given an opportunity to compose themselves prior to preparing the required reports. This is especially true with incidents involving significant violence and possible staff and/or inmate injuries.

      3.      Immediately following any incident involving force, the staff member involved will notify his/her supervisor providing all necessary information required by that supervisor. The staff member(s) involved will be allowed to view the videotape of the incident, if available, prior to preparing their report or statement, for accuracy of the incident. If the recording is unavailable, the supervisor will note the reason in their comments.

**Effective Date: 12/30/15**
08464     HOWARD



| | ORANGE COUNTY CORRECTIONS DEPARTMENT ADMINISTRATIVE ORDER O.C.C.D.  NO.  IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 22 of 29** |

4.    The certified officer initiating the force will prepare a detailed report using the "Use of Force" packet, and all other staff involved as participants or witnesses will complete a detailed statement.

5.    When more than one (1) inmate is involved in a "Use of Force" incident, an entire report package will be prepared for each inmate.

6.    Incident Narrative:

    a.    The Correctional officer initiating force will submit a "Use of Force" packet, to include a detailed chronological narrative of the entire incident including events prior to, during, and immediately after force was used.

    b.    The narrative will include a description of all applicable situational factors, inmate's resistance, officer's response, and why those options were used.

7.    Supervisory Notes:

    a.    The responding Squad Supervisor will submit comments, to include a detailed chronological narrative of their perceptions/information provided and decisions and/or actions taken based on this information.

    b.    Additionally, all staff involved in the "Use of Force" will be interviewed to ensure all situational factors pertinent to the incident are included in their reports.

    c.    Reference to the interview(s) and subsequent review of staff's written description(s) of the incident will be so documented.

**Effective Date: 12/30/15**
08465     HOWARD



| | ORANGE COUNTY CORRECTIONS DEPARTMENT<br><br>ADMINISTRATIVE ORDER<br><br>O.C.C.D.  NO.  IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 23 of 29** |

8.    Staff Statement:

    a.    A Correctional Officer(s) involved in a "Use of Force" incident as a participant will submit a statement that includes a detailed chronological narrative of the entire incident including events prior to, during, and immediately after force was used.

    b.    The statement will include a description of all applicable situational factors, inmate's resistance, officer's response, and why those options were used.

    c.    A Correctional Officer(s) involved in a "Use of Force" incident as a witness will submit a statement that includes a detailed chronological narrative of their perceptions.

9.    Use of Force Investigation Notes:

    a.    A supervisor (Sergeant or above) having no involvement or prior knowledge of the incident will conduct the initial "Use of Force" investigation, and must be of equal or greater rank than the staff member they are investigating.

    b.    Investigators will interview all persons involved in the incident, including the inmate if he/she is still in custody.

    c.    Investigators should also interview witnesses to the incident listed in the report or requested by the inmate.

    d.    Miranda warning does not apply to this situation and will not be given, as the filing and disposition of criminal charges has no bearing in this process.

    e.    To determine if the force applied as dictated by applicable situational factors was necessary and

**Effective Date: 12/30/15**

08466    HOWARD



| | | |
|---|---|---|
| **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D. NO. IO.009** | | |
| **SUBJECT:** | **USE OF FORCE** | **Page 24 of 29** |

reasonable as defined by policy the investigator will use the following subjective test:

1)   The need for the use of force

2)   The amount of force that was used.

3)   The relationship between the resistance presented and the subsequent force applied.

4)   To ensure the force used was applied in a good faith effort to prevent self-injury of an inmate, injury to a third party or self and to maintain or restore order.

f.   Investigators will state their findings and whether the findings support the force used, or when the "Use of Force" is questionable, the reasons will be documented in the comments section and Division Command staff will determine further action.

g.   The application of force applied by the officer will be judged upon the "totality of the circumstances," as known by the officer at the moment the force was used.

10.   Use of Force Medical Statement:

a.   Documentation by CHSD staff

b.   Date, time, and name(s) of CHSD staff who assessed the inmate.

11.   Use of Force Video Script (OP-62):

a.   The Squad Supervisor or designee will ensure all video cameras are properly placed, and then read the "Use of Force" video script (OP-62) to the inmate(s)

**Effective Date: 12/30/15**
08467    HOWARD



| | |
|---|---|
| **ORANGE COUNTY CORRECTIONS DEPARTMENT** **ADMINISTRATIVE ORDER** **O.C.C.D. NO. IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 25 of 29** |

b.  Inform the inmate(s) that the incident is being videotaped, and give the inmate(s) a minimum of ten (10) to fifteen (15) minutes to comply with the directives, unless the inmate is injuring himself, others, or damaging County property.

c.  Continue video recording his/her response and document your observations in the incident narrative, which will be generated at the conclusion of the incident.

12.  Use of Force Checklist (OP-61):

a.  The Squad Lieutenant will review videotapes and/or photographs along with all pertinent documentation and use the "Use of Force" checklist as a guideline to ensure all required documentation has been completed.

b.  The Squad Lieutenant, after reviewing all documentation including the investigation, will make an entry in the Use of Force IMS field under the investigator's notes of their recommendations to the Captain. If the Lieutenant believes the Use of Force is questionable or there are policy- related questions, they are to forward their concerns to the facility Captain by the end of shift.

c.  The Squad Lieutenant will ensure that the original documentation, videotapes, and/or photographs are delivered to the On-duty Captain for review and documented approval/disapproval.

d.  If applicable, ensure reporting procedures are completed in accordance with OCCD Administrative Order IO.109, "Critical Event/Major Incident Reporting Procedures."

**Effective Date: 12/30/15**
08468    HOWARD

| | | |
|---|---|---|
| ORANGE COUNTY GOVERNMENT FLORIDA | **ORANGE COUNTY CORRECTIONS DEPARTMENT**<br><br>**ADMINISTRATIVE ORDER**<br><br>**O.C.C.D. NO. IO.009** | |
| **SUBJECT:** | **USE OF FORCE** | **Page 26 of 29** |

13. Chain of Custody Form (OP-82):

    a.    Each time the videotape is transferred from one person to another, the date and the name of the employee giving the tape and the name of the employee receiving the tape will be documented on the "Chain of Custody Form," (OP-82).

    b.    The On-duty Captain will ensure the videotape, "Chain of Custody Form," (OP-82), and a copy of the "Use of Force /Incident Report Packet" is delivered and processed in accordance with OCCD Administrative Order IO.020, Use of Portable Video/Camera Equipment.

14. Special Watch Log (OP-9):

    a.    Time of placement and check of restraints for tightness and proper placement by certified officer

    b.    All subsequent fifteen (15) minute checks conducted by the assigned certified officer

    c.    Time inmate and restraints checked by CHSD staff, and the name of the CHSD staff member who examined the inmate.

    d.    Thirty (30) minute check conducted by CHSD staff required after their initial examination.

    e.    Subsequent one (1) hour checks conducted by CHSD staff

    f.    Additional examinations conducted by CHSD staff as requested by Corrections staff.

**Effective Date: 12/30/15**

08469     HOWARD



| | ORANGE COUNTY CORRECTIONS DEPARTMENT<br><br>ADMINISTRATIVE ORDER<br><br>O.C.C.D.  NO.  IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 27 of 29** |

g.    Check of restraints for tightness and proper placement by Squad Supervisor, and the name of the supervisor conducting the check.

h.    Subsequent one (1) hour checks conducted by Squad Supervisor

i.    Validation of restraint placement by the Squad Lieutenant, and his/her name.

j.    Document the reason for restraint continuance beyond one (1) hour and the name of the On-duty Captain authorizing such.

k.    Document the approval and reasons for the continuation of restraints by the Division Major or On-duty Captain.

l.    Document restraint removal, name of On-duty Captain authorizing such, and his/her reason for doing so.

15.   OC Exposure:

a.    The CHSD supervisor/charge nurse will assess the inmate's health status and document findings in the inmates' electronic medical record.

b.    The inmate(s) will be reevaluated again at a minimum of one (1) hour after the initial evaluation and as requested by Correctional staff.

16.   Use of Chemical Agent Report (OP-56):

a.    The authorized staff member who dispensed the OC will complete this report.

**Effective Date: 12/30/15**
08470    HOWARD



| | ORANGE COUNTY<br>CORRECTIONS DEPARTMENT<br><br>ADMINISTRATIVE ORDER<br><br>O.C.C.D.  NO.  IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 28 of 29** |

b.    Fifteen (15) minute checks will be conducted on inmates sprayed with chemical agents for one (1) hour, and so documented in the remarks section of this report.

17.    Photographs:

a.    Staff will not photograph the genital area; CHSD staff will document injuries to this area.

b.    Photographs of inmate(s) will be taken in an area away from other inmates.

c.    The inmate's body area (e.g. left arm, left wrist, right leg at the knee, etc.) will be photographed along with the inmate's identification card.

d.    Photograph(s) will be included in the "Use of Force" packet, and uploaded into the IMS.

e.    Name of Squad Supervisor or designee who took the photograph(s)

18.    Confinement Order (OP-7):

A confinement order will be filled out on an inmate (s) placed in confinement following a "Use of Force" incident, and any restrictions or special instructions will be documented on this form.

D.    Internal Investigations:

Internal investigations as authorized by OCCD Administrative Order H.R.201, "Internal Investigations" or requested by the Chief of Corrections or designee will be conducted as soon as practical after the event.

**Effective Date: 12/30/15**
08471    HOWARD



| | ORANGE COUNTY<br>CORRECTIONS DEPARTMENT<br><br><br>ADMINISTRATIVE ORDER<br><br><br>O.C.C.D.  NO.  IO.009 | |
|---|---|---|
| **SUBJECT:** | **USE OF FORCE** | **Page 29 of 29** |

**APPROVED:**

Robert J Buck III, DO

11/27/2012  09:01:19 am

_____

Dr. Robert Buck
Medical Director
Corrections Health Services Division

_____

Cornita A. Riley
Chief
Orange County Corrections Department

Issued Date:       <u>08/28/96</u>

Revision Date:      <u>06/01/15-11/30/15</u>

Effective Date:      <u>12/30/15</u>

**ATTACHMENT I**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**USE OF FORCE MATRIX**

**The Use of Force Matrix is comprised of Subject Resistance Levels and Officer Response Levels which incorporate the following:**

A.    **SUBJECT RESISTANCE LEVELS**

1.    **Presence:**  No physical harm: A subject is there, on the scene, with accompanying suspicious activity.

2.    **Verbal Resistance:** No physical harm: A subject may verbally refuse to comply with an officer's requests or attempts to control the situation. The subject may threaten the officer with further resistance or the subject may not verbally respond to the officer.

3.    **Passive Physical Resistance:**  Slight physical harm: A subject physically refuses to comply or respond to an officer's command. He/she does not make any attempt to physically defeat the actions of the officer to employ physical maneuvers or the chemical agent to establish control.

4.    **Active Physical Resistance:**  Slight to moderate physical harm: A subject makes physically evasive movements to defeat an officer's attempt at control. This may be in the form of bracing or tensing, attempts to push/pull away or not allowing the officer to get closer to him/her.

5.    **Aggressive Physical Resistance:**  Moderate physical harm: A subject makes overt, hostile, attacking movements which may cause injury, but are not likely to cause death or great bodily harm to the officer or others.

6.    **Aggravated Physical Resistance:**  Great bodily harm: A subject makes overt, hostile, attacking movements with or without a weapon with the apparent ability to cause death or great bodily harm to the officer or others.

**EFFECTIVE DATE:  06/30/13**
08473    HOWARD

**ATTACHMENT I**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**USE OF FORCE MATRIX**

**B.    OFFICER RESPONSE LEVELS**

**Level 1 (Command Presence):**  No potential for physical harm.

- Presence:  The officer is there, on the scene, with the subject. This includes proper voice and/or other identification, body language, and awareness by the subject that he/she is dealing with an officer.

- Field Interview Stance:  The officer adopts a stance outside of his/her danger zone that provides appropriate protection and forms the basis of an effective physical response if attached. In such a stance, the firearm or strong side leg is back; the non-firearm or weak side leg is forward; the feet are about shoulder width apart; knees slightly bent giving balance, control and lower body center of gravity; equally distributed body weight, and the hands are up for guarding the upper body.

**Level 2 (Communication):**  No potential for physical harm.

- Dialogue:   A two-way, controlled, nonemotional communication between the officer and subject, aimed at problem identification and/or resolution.

- Verbal Direction:  An officer tells or commands a subject to engage in or refrain from a specific action or nonaction.

- Touch:  A touch used to comfort or console a distraught individual. An officer may use a soft assisting touch when guiding, directing or obtaining the attention of a subject, or a firm, strong touch prior to escalating to a higher level of force.

**Level 3 (Physical Control):**  Slight potential for physical harm.

- Restraint Devices:  Mechanical tools used to restrict a subject's movement and facilitate searching; such as handcuffs, flex cuffs, leg irons, belly chains, optional nylon restraining devices, etc.

- Chemical Agent:  Aerosol spray agent used to subdue a subject.

- Transporters:  Techniques used to control and/or move a subject from point A to point B with minimum effort by the officer in order to gain and retain control over the subject.

**Effective Date: 12/30/15**
08474    HOWARD

**ATTACHMENT I**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**USE OF FORCE MATRIX**

- <u>Take Downs:</u>  Techniques that redirect, in a controlled manner, a subject to the ground in order to limit his/her physical resistance and to facilitate the application of a restraint device.

- <u>Pain Compliance:</u>  Techniques that force a subject to comply with an officer as a result of the officer inflicting controlled pain upon specific joints in the subject's body, such as pressure point techniques.

- <u>Counter Moves:</u>  Techniques that impede a subject's movement, such as blocking, striking, distracting, kicking, parrying, dodging, weaving, re-directing, or avoiding followed by appropriate controlling techniques.

**Level 4 (Intermediate Weapons/ECD/CEW):**  Slight to moderate potential for physical harm.

- <u>Electronic Control Device (ECD):</u>  An electroshock device designed to affect the sensory nervous system and/or disrupt voluntary muscle control. An example of this device includes the R.E.A.C.T. System.

- <u>Conducted Electrical Weapon (CEW):</u>  Weapon system designed to use propelled wires or direct contact to conduct energy in order to affect the sensory and/or motor functions of the nervous system.

- <u>Impact Weapons</u> that are primarily used to control a subject such as an expandable baton or flashlight, clipboard or any other item used as a weapon of opportunity.

**Level 5 (Incapacitation):**  Moderate potential for physical harm.

- Techniques that are intended to stun or render a subject temporarily unconscious or unable to resist. These techniques may be delivered with or without an impact weapon, such as a strike to a major nerve area.

**Level 6 (Deadly Force):**  High potential for great bodily harm or death.

- Techniques that may result in death, great bodily injury, permanent disability or permanent disfigurement, such as impact weapon strikes to the head, or use of firearms as define in F.S.S. 776.06 Deadly force techniques are a last resort.

**Effective Date: 12/30/15**
08475    HOWARD

**ATTACHMENT I**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**USE OF FORCE MATRIX**

# Use of Force – Levels of Resistance

**Resistance Levels**

| Resistance Level | Presence | Field Interview Stance | Dialogue | Verbal Direction | Touch | Restraint Devices | Chemical Agent | Transporters | Take Downs | Pain Compliance | Counter Moves | Impact Weapons | Intermediate Weapons ECD/CEW | Incapacitation | Deadly |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 6 Aggravated Physical | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ |
| 5 Aggressive Physical | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | |
| 4 Active Physical | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | |
| 3 Passive Physical | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| 2 Verbal | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | | |
| 1 Presence | ✓ | ✓ | ✓ | ✓ | ✓ | | | | | | | | | | |
| Grouping | Command Presence | | Communication | | | Physical Control | | | | | | | | | |
| Response Level | 1 | | 2 | | | 3 | | | | | | 4 | | 5 | 6 |

Checked areas represent suggested, acceptable, beginning response levels. Any response in an unchecked area requires explanation. Refer to the definitions for each level of resistance, response and the determining factors when articulating the explanation.

## Response Levels

**Effective Date: 12/30/15**

08476    HOWARD

**ATTACHMENT II**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**SITUATIONAL FACTORS**

The "Use of Force" / Levels of Resistance Matrix is meant to be used as a guideline for an officer to select effective, reasonable, and legal force options in a verbal or physical encounter.  As a subject increases his/her resistance level from verbal to physical, an officer may have to increase the level of his/her response until the resistance decreases and the officer is able to gain control of the subject. As soon as the point of subject compliance is reached, the officer must de-escalate his/her response level to the minimum force necessary to control the subject.

The totality of the circumstances as described in the written report and subsequent investigative interviews will determine if the officer's response option was reasonable in relationship to the subject's resistance. Therefore, all **situational factors** known to the officer at the time of the incident must be included in any description (written / verbal) of the incident to establish that the force used was reasonably necessary.

## Situational Factors
### (Not all-inclusive)

- Dialogue used prior to the application of force.

- The presence of others, who potentially may assist the subject.

- The body language and/or remarks made by others, whose behavior suggests they may assist the subject.

- The threat perceived by the officer, to include a full description (verbal and physical) of the subject's resistance.

- Presence of innocent or potential victims in the area.

- Subject's mental or psychiatric history, if know to the officer.

- Subject's violent history, if known to the officer.

- Subject's combative skills (may be surmised by movement/position of hands and feet).

- Number of subjects versus number of officers.

- Duration of confrontation.

**EFFECTIVE DATE:  06/30/13**
08477    HOWARD

**ATTACHMENT II**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**SITUATIONAL FACTORS**

- Time officer had to react to the resistance, and make a decision about the amount of force necessary.

- Why the officer did not disengage and seek assistance.

- Description of the officer disengaging and seeking assistance.

- Explanation as to why a use of force decision escalated or de-escalated in relation to the perceived threat.

- Description of efforts to defuse the situation prior to the application of force.

- The need for the application of force

- The relationship between that need and the amount of force that was used.

- Why the techniques employed were reasonable in relationship to the perceived threat.

- Show of force used and its effect.

- Inmate(s) response to the "Use of Force" script.

**Effective Date: 12/30/15**

08478    HOWARD

**ATTACHMENT III**
**ORANGE COUNTY CORRECTIONS DEPARTMENT**
**OFFICER/SUBJECT FACTORS**

**Additional factors that must be considered when making use of force decisions include:**

**SUBJECT FACTORS**

1.    Severity of the crime or misconduct committed by subject.

2.    Subject's size, age, weight and physical condition.

3.    Apparent physical ability of subject.

4.    Number of suspects present who are involved, or who may become involved.

5.    Subject's possession or access to weapons.

6.    Presence of innocent or potential victims in area.

7.    Whether the subject can be recaptured at a later time.

8.    Whether the evidence is likely to be destroyed.

**OFFICER FACTORS**

1.    Officer's size, age, weight, physical condition or physical ability, and defensive tactics expertise.

2.    Number of officers present or available.

3.    Immediate reaction in the case of a sudden attack.

4.    Weapons or restraint devices available to the officer.

5.    Legal requirements.

6.    Agency policy.

7.    Environmental factors, such as physical terrain, weather conditions, etc.

**The above listed subject and officer factors are not all inclusive. Any and all determining factors must be properly articulated by the officer(s) employing physical force.**

**EFFECTIVE DATE:  06/30/13**
08479    HOWARD